E. A. SMITH, *Appellant,* v. CITY OF MIAMI, ET AL., *Appellees.*

Opinion Filed April 14, 1920.

1. When a case is heard on bill and answer all the pertinent averments of the answer are taken as true.

2. Where streets are "perpetually dedicated to the free use of all purchasers of lots contained in the" dedication plat, and the streets are used by the public generally as public highways, and the city makes expenditures for lights, grading, etc., on the streets with the consent and acquiescence of the abutting lot owners, the lot owners may be estopped from denying the right of the city to make sidewalk and other improvements in the streets as authorized by its charter.

An Appeal from the Circuit Court for Dade County, H. Pierre Branning, Judge.

Decree affirmed.

*Atkinson & Burdine*, for Appellant;

*Hudson, Wolfe & Cason*, for Appellees.

WHITFIELD, J.—This suit was brought by E. A. Smith to enjoin the city from construcing or attempting to construct a sidewalk along and in front of stated property in the city upon the theory that the particular street is a private street and not a public street or highway. Upon a hearing on bill and answer the Chancellor dismissed the bill of complaint, and the plaintiff appealed.

The recorded dedication plat of a subdivision called Edgewater, now a part of the City of Miami, states that "the streets, avenues, drives and alleys indicated upon said plat, are hereby perpetually dedicated to the free use of all purchasers of lots contained in the above -described plat."

The answer, among other matters, avers that the streets "have been dedicated to the use of the inhabitants of the city of Miami generally by the use that has been made of the same by said inhabitants with the consent of the lot owners in said subdivision, and defendants

allege that shortly after March 30, 1912, the date on which said subdivision of Edgewater was platted and opened up that the various streets in said subdivision as marked upon said plat were opened to the general use of the inhabitants of the City of Miami, and from that date until the present time there has been free and un-restricted use of such streets and avenues, and other highways in said subdivision, as streets and highways by such inhabitants of the City of Miami, with the con-sent and acquiescence of said lot owners and in addition to such general use by all inhabitants of the City of Miami without let or hindrance from said lot owners or their agents and representatives in the City of Miami, the City of Miami acting in its public capacity and under its authority to care for and maintain the streets and highways of the municipality, has erected, maintained and paid for numerous street lights within said subdivision, having same cared for daily by the city employees and paying for the maintenance of same out of public funds, all with the consent and acquiescence of the lot owners in said subdivision, and that the Engineering Department of the City of Miami, from time to time, has furnished and established grades and lines for municipal purposes of sidewalk and curb work on the various streets in Edge-water, having first made complete surveys of all the streets of this subdivision and established street lines and grades which are preserved and marked by street monu-ments set in the street intersections by the said city, and that inspectors of the city, representing the city and for the protection of he property owners have been on hand while the sidewalk and curb work was being done, and the expenses of such work, excepting the actual pay-ment for the sidewalks and curbs, were paid out of the

funds of the City of Miami, all with the consent and acquiescence of the lot owners in said subdivision; that one of the streets in said subdivision, to-wit, Gardner street, has been repaired and resurfaced by the street department force of the City of Miami, said work having been done about eighteen months prior to the date of the filing of this bill, and said work being done on all that portion of this street extending through said Edgewater and all at the expense of the City of Miami and all with the consent and by the acquiescence of the said lot owners, and that in all respects said streets have been treated and used by the said City of Miami and its officials and the public generally, as public streets of the City of Miami, during all of the time since said subdivision of Edgewater was platted and opened up to settlement which said several facts so alleged estop the owners of lots in said subdivision of Edgewater from claiming that the said streets, avenues, sidewalks, drives and alley ways in said Edgewater have never been dedicated to the public."

The rule is that when a case is heard on bill and answer all the pertinent averments of the answer are taken as true. Saussy v. Liggett, 75 Fla. 412, 78 South. Rep. 334. See also Lee v. Bradley Fertilizer Co., 44 Fla. 787, 33 South. Rep. 456; Garrison v. Parsons, 45 Fla. 335, 33 South. Rep. 525; Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597.

In view of the averments of the answer which were admitted by the complainant to be true by setting the cause down for hearing on bill and answer, before the time for taking testimony had expired, the bill of complaint was properly dismissed. Assuming that the original dedication in recording the plat was in law a limita-

tion of the use of the streets, excluding the public, yet the use of the streets by the public and by the city as stated in the answer, "with the consent and acquiescence of the lot owners," operates to estop the lot owners from denying the right of the city to make sidewalk and other improvements in the streets as authorized by its charter. See City of Marianna v. Daniel, 74 Fla. 103.

Decree affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.