THE SEABOARD OIL COMPANY, a Corporation, *Appellant*, v. T. J. DONOVAN and J. R. DONOVAN, *Appellees*.

En Banc.

Opinion filed June 6, 1930.

*Julian Hartridge,* for Appellant;

No appearance for Appellees.

DAVIS, Commissioner:

In the bill of complaint in this case it is alleged that the defendants were in possession of and entitled to possession of certain described lands on which they were conducting a gasoline filling station; that complainant, appellant, and defendants, appellees, entered into an agreement whereby the complainant was to furnish to defendant, J. P. Donovan, subject to conditions therein named, certain equipment, and the said J. P. Donovan agreed to operate on said premises a gasoline filling station and business of selling gasoline and other petroleum products for a period of four years; that the said J. P. Donovan agreed not to sell or offer for sale or engage in a similar business during said term within two hundred feet of said premises, and to purchase from complainant during said period all gasoline and other petroleum products offered for sale on the premises and not to permit to be sold on said premises during said term any such products, except those obtained from and furnished by complainant; that said J. P. Donovan was to pay for gasoline purchased at tank wagon prices prevailing and "in event of any default by dealer (J. P. Donovan) under the terms of dealer's lease of the above premises, company (complainant) shall have the option and right to assignment of any lease held by dealer, and to succeed to and enjoy the said premises for the unexpired term and subject to the conditions thereof (paragraph

9);" that the appellant agreed to supply gasoline to defendant, J. P. Donovan, and sell it at "tank wagon prices prevailing." It is further alleged in substance that the complainant performed its part of the contract; that after making the contract, defendants operated the filling station and sold products of complainant exclusively for a time, but later stopped selling them and removed from the premises the equipment furnished by complainant and replaced same with other equipment; and that at the time of filing the bill, they were selling on said premises gasoline and other petroleum products obtained from sources other than complainant; and that the damage sustained by complainant is irreparable and of such a character that it cannot be compensated in money.

Complainant prayed for an injunction, both temporary and permanent, restraining the defendants, their servants, agents, employees, licensees, grantees, executors, administrators and assigns from selling on the said premises any gasoline or other petroleum products, except those obtained from the complainant; and that they be restrained from violating in any way the agreement between complainant and defendants, a copy of which is attached to and made a part of the bill of complaint.

To the agreement is attached the following:

"In consideration of the promises of the company, the undersigned owner of the premises described in the foregoing agreement, hereby consents and makes himself a party thereto and agrees that the same shall remain in force and effect for the period therein named.

T. J. Donovan (SEAL)

"Signed, Sealed and delivered in the presence of
"D. Brown,
"G. Ayres."

1300

The bill was duly sworn to by an agent of the complainant. The defendants filed separate answers under oath in which they denied that complainant performed all of its obligations under the said agreement and alleged that complainant had breached its agreement by failing and refusing to sell to defendant, J. P. Donovan "gasoline at tank wagon prices prevailing * * * at the time and place of delivery;" but sold it at a price in excess of the price provided for in the contract. They further. denied that the equipment had been removed from the premises or that they or either of them had sold or were then selling on said premises, gasoline or other petroleum products obtained from other persons than complainant or that they or either of them, their servants, agents or employees, were conducting such a business thereon, or were in possession of the premises. It was further denied that T. J. Donovan operated a filling station as alleged in the bill of complainant. It was alleged in the said answer that T. J. Donovan was the owner of said premises and that J. P. Donovan was his lessee, all of which was known to the complainant; that J. P. Donovan defaulted in the payment of rent and possession of the premises was delivered to defendant T. J. Donovan and that in accordance with paragraph 9 of said contract defendant T. J. Donovan notified complainant of said default and offered to allow the complainant to succeed to and enjoy the said premises for the unexpired term of the lease theretofore held by the defendant J. P. Donovan, and subject to the conditions of the lease, but that complainant had refused to occupy said premises under said lease and to pay the rental agreed upon therefor, "whereupon this defendant (T. J. Donovan) requested the complainant forthwith to remove its equipment from said premises, which complainant has wholly failed to do;" that thereafter defendant

T. J. Donovan rented said premises to one B. P. Rock, who at the time of filing the answer, was in possession of and operating the filling station and selling gasloine and other petroleum products other than those sold by the complainant.

After filing of the answers, the chancellor denied the application made by complainant for a temporary injunction and based his order upon the following findings:

"That the defendant, J. P. Donovan, at the time of the making of the contract set forth in the bill, occupied the premises described in the bill as the tenant of the defendant, T. J. Donovan, at an agreed rental of Fifty ($50.00) Dollars per month, but that said defendant, J. P. Donovan, defaulted in the payment of said rent before the institution of this suit and surrendered possession of said premises to the defendant, T. J. Donovan, the owner of the same, and that neither T. J. Donovan nor J. P. Donovan are now operating a filling station or business of selling gasoline and other petroleum products upon the premises described in the bill, but that upon the default of the defendant, J. P. Donovan, and the payment of rent, as aforesaid, the defendant, T. J. Donovan, offered to permit the complainant to take over said premises under the terms of the lease theretofore existing between said defendants, T. J. Donovan and J. P. Donovan, in accordance with paragraph (9) of the contract set forth in the bill, but that the complainant refused to accept the same, and that thereafter the said T. J. Donovan rented said premises to a new tenant, not a party to this suit, who is now in possession of said premises and conducting thereon a business of selling gasoline and other petroleum products, obtained from persons other than the complainant.

"Wherefore, the court finds that the defendant, T. J. Donovan, because of the non-payment of rent, as aforesaid, is no longer bound by the restrictions contained in the contract made a part of the bill of complaint, and is not acting in violation of any agreements now binding upon him, and that the defendant, J. P. Donovan, has lost possession of said premises, and his rights therein have been terminated."

From this order the complainant appealed to this Court, and has assigned as error:

"1. The making of the order.

"2. The denial of the application for temporary injunction.

"3. The court erred in finding as a matter of law under the pleadings that T. J. Donovan was no longer bound by the contract which is attached to and made a part of the bill.

"4. The court erred in finding as a matter of law under the pleadings that J. P. Donovan was no longer bound by the contract which is attached to and made a part of the bill."

Section 4970 (3178), Comp. Gen. Laws of Florida, 1927, reads as follows:

"Upon an application for an injunction or other summary order, or upon motion to dissolve the same, either party thereto shall have the right to introduce evidence, and the chancellor shall grant, dissolve or continue the order, or may require security, according to the weight of the evidence."

The granting or refusing of a temporary injunction is within the discretion of the court. (Savage v. Parker, 53 Fla. 1002, 43 So. R. 507; Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. R. 822; Holt v. De Loach-Edwards Co., 56 Fla. 902, 48 So. R. 1039); but if the allegations of the bill are sufficient and the evidence in support thereof is ample to warrant it and no sufficient defense is made, an order denying an injunction will be reversed. Taylor v. Florida E. C. Ry. Co., 54 Fla. 635, 45 So. R. 474, 16 L. R. A. (N. S.) 307, 127 A. S. R. 155, 14 Ann. Cas. 472.

Upon bill filed and notice of application for injunction, defendant may at once file his answer and the rules governing the action of the chancellor will be the same as those which prevail upon hearing upon bill and answer. Sullivan v. Moreno, 19 Fla. 200.

"If the complainant, in his bill, shall waive an answer under oath, * * * the answer of the defendant, * * * shall not be evidence in his favor, unless the cause be set down for hearing on bill and answer only; but may nevertheless be used as an affidavit, with the same effect as heretofore, on a motion to grant or dissolve an injunction," etc. Section 4923 (3136) Comp. Gen. Laws of Florida, 1927.

Where complainant sets a case down for hearing, and it is heard upon bill and answer alone, all the pertinent averments of the answer are taken as true (Smith v. Miami, 79 Fla. 509, 84 So. R. 370; Lee v. Bradley Fertilizer Co., 44 Fla. 787, 33 So. R. 456; Godwin v. Phifer, 51 Fla. 441, 41 So. R. 597; Goodyear Tire & Rubber Co. v. Daniel, 72 Fla. 489); and this is true whether the allegations of the answer are responsive or not, on the ground that no

replication having been filed, defendant is deprived of the opportunity of proving his allegations. 1 Enc. Pl. & Pr. 924; 21 C. J. 560; 3 A. & E. Enc. Law & Practice 1426.

The statute dispensing with replications in certain chancery cases, (Chapter 6907, Acts 1915, Section 4907 Comp. Gen. Laws of Florida, 1927) does not change this rule. Goodyear Tire & Rubber Co. v. Daniel, *supra*.

In 32 Corpus Juris, 186, the authors say:

"Classifying contracts as either affirmative, where one agrees that something has been or will be done, or negative, where one agrees that something has not been or will not be done, the equitable remedy for breach of the first is a decree for specific performance, and for breach of the second is an injunction."

Recognizing this as a correct statement of law, we are only interested at this time in the provisions of the contract whereby the appellees bound themselves not to do certain things; that is, their agreement not to sell, offer for sale or engage in the business of selling gasoline or other petroleum products on any other premises located within 200 feet of the premises described in the contract, and that they would not sell or permit to be sold on said premises during said term, any such products except those obtained from and furnished by the appellant. There is no contention here that defendants, at the time of the filing of the bill, had been, or at the time of the filing of the answer were, selling gasoline or other petroleum products within two hundred feet of the said premises. There is no showing in the transcript, except as shown by the bill, that the appellees, before or after the filing of the bill, were engaged in selling upon the premises gasoline or other petroleum products furnished

by someone other than the appellant; and the allegations of the bill setting up such facts are denied by the answers. The allegations of the answers, showing that the appellant refused to take over the filling station when the defendant J. P. Donovan defaulted in the payment of rent and surrendered the premises to his lessor and that lessor subsequently rented the property to B. P. Rock, who is now operating the same, are not denied, unless it may be said that the sworn allegations of the bill contained such a denial. There is no showing here that Rock knew of the existence of the contract between the appellant and the appellees. If we could bring ourselves to the idea that Rock, though not a party to the suit, could be stopped from selling gasoline or other petroleum products on the premises by the issuance of an injunction against his landlord T. J. Donovan, we would still be unable to agree that the chancellor was in error in refusing to grant a temporary injunction, because it appears from the answers that the appellant was responsible for the non-performance of the contract by charging for gasoline a price in excess of the price at which it had agreed to sell it to the defendant J. P. Donovan.

A party is not entitled to enjoin the breach of a contract by another, unless he himself has performed what the contract requires of him so far as possible; if he himself is in default or has given cause for non-performance by defendant, he has no standing in equity. 32 C. J. 192; Shubert v. Woodward, 167 Fed. R. 47; Ashe-Carson v. Bonifay, 147 Ala. 376, 41 So. R. 816; Paxson v. Butterick Pub. Co., 136 Ga. 774, 71 So. E. R. 1105; Stronge, etc. Co. v. Chaste, 149 Minn. 30, 182 N. W. R. 712.

Testing the propriety of the order by the foregoing rules, the court committed no error in denying the application for a temporary injunction.

Furthermore, it has been held that an injunction against the breach of a contract is a negative decree of specific performance of the agreement and the general rule is that the power and the duty of a court of equity to grant the former is measured by the same rules and practice as its power and duty to grant the latter relief. Shubert v. Williams, *supra;* Welty v. Jacobs, 171 Ill. 624, 631, 49 N. E. R. 723; 4 Pomeroy Equity Jurisprudence (3d Ed.), Section 1341.

There was no evidence before the chancellor that Rock, the lessee of the owner, at the time of making his contract with the owner, knew of the existence of the contract between the appellant and the appellees or that he had knowledge of facts that would put him upon inquiry.

Specific performance will be denied when the rights of innocent third parties have intervened so that enforcement of the contract would be harsh, oppressive or unjust to them. 6 Pomeroy Equity Jurisprudence, Sec. 794.

We do not find that the chancellor abused his discretion in refusing to grant a temporary injunction. The decree appealed from is affirmed and the cause is remanded for further proceedings in accordance with law.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby affirmed, and the cause remanded for further proceedings in accordance with law.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.