GERTRUDE ALL DOUGLASS, *et vir,* v. TAX EQUITIES, INCORPORATED.

198 So. 578

En Banc

(For Former Opinion See Page 791 of this Report)

Opinion Filed November 5, 1940

*Edward K. Goethe,* for Appellants;

*George B. Carter,* for Appellee.

### ON PETITION FOR REHEARING

BROWN, J.—In the petition for rehearing appellee says that the court in its opinion overlooked the fact that there had never been any attempt to treat as alien the tax title acquired by Alexander Harrop who conveyed his title thereto to the First National Bank of East Liverpool, Ohio,

and that said bank was made a party defendant in the first foreclosure suit, in which service on Mrs. Douglass was defective, and that it was alleged in the first suit, and in the reforeclosure suit that the bank had title to the property; that Mrs. Douglass' answer admitted the issuance of the tax deed to Harrop but made no allegation that the tax deed was invalid.

As pointed out in our previous opinion, the answer alleged that Mrs. Douglass had been the equitable owner of the property since July 16, 1925, at which time she secured a deed to the property, paid the purchase price thereof and went into possession, and that she is still the equitable owner thereof inspite of the fact that the conveyance to her by the foreign corporation did not have the seal of the corporation affixed thereto. The answer further denied that the tax deed acquired by Alexander Harrop terminated the title of John W. Douglass and Gertrude All Douglass.

So we have in the bill an allegation to the effect that the tax deed issued to Alexander Harrop terminated or took away any title or interest which these appellants had in the property, and the allegation in the answer that the said tax deed did not have the effect of terminating the title of these appellants, which amounts to a denial of the allegation in the bill.

Prior to the enactment of the Chancery Act in 1931, where plaintiff set the cause down for hearing on bill and answer before filing a replication, and consequently before the cause was at issue, plaintiff was held to have admitted the truth of all averments of the answer. Goodyear Tire Co. v. Daniel, 72 Fla. 489, 73 So. 592; Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 128 So. 821. The admission applied to all pertinent averments of the answer, Saussey v. Liggett, 75 Fla. 412, 78 So. 334; Smith v. Miami, 79 Fla.

509, 84 So. 379, whether the averments were responsive to the bill or in confession and avoidance of it, Maxwell v. Jacksonville Loan Co., 45 Fla. 425, 35 So. 255; Whittaker v. Eddy, 109 Fla. 535, 147 So. 868, and whether the answer was sworn to or not. Whittaker v. Eddy, 109 Fla. 535, 147 So. 868. All allegations of the bill not sufficiently denied are taken as true. The enactment of Section 37 of the 1931 Chancery Act, Section 4902 (18) C. G. L. Perm. Supp., dispensing with general replications, did not change these general rules as to hearing on bill and answer. This was our holding with reference to Section 4907 C. G. L., which was derived from Sec. 2, Chapter 6907, of Acts of 1915. See Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 128 So. 821. Within ten days after filing of answer, the plaintiff may move for decree on bill and answer, Section 40 of 1931 Chancery Act, being Sec. 4902 (21) C. G. L., Perm. Supp.

Under these rules, we are impelled to adhere to our previous opinion, especially when construed in connection with the principles laid down in the case of Lincoln National Life Insurance Company v. Gordy, quoted from in our previous opinion.

We recognize the fact that plaintiff in its bill of complaint alleged that the bank had title and that such title had been acquired by the appellee by purchase at the sale under the decree in the first forclosure suit in which the bank was made a party defendant. We also recognize the fact that in 1934 a tax deed was issued to appellee, Tax Equities Incorporated, and that this is the tax deed that appellee has treated as a lien in its two foreclosure suits. But the fact remains that the answer squarely denied that the tax deed issued to Alexander Harrop deprived Mrs. Douglass of her right, title and interest in and to this property, or that said tax deed acquired by Alexander Harrop terminated the

equitable title of John W. Douglass and Gertrude All Douglass.

Petition for rehearing denied.

TERRELL, C. J., WHITFIELD and BUFORD, J. J., concur.

THOMAS, J., agrees to conclusion.

CHAPMAN, J., dissents.