719 So.2d 389 (1998)
Frank F. FEROLA and Vera Ferola, Appellants,
v.
BLUE REEF HOLDING CORP., INC., Joseph F. Coyne, individually and as Trustee of Saturn Realty Trust, a Massachusetts Business Trust, Frank L. Viola, Anthony M. Viola, Jaguar Construction Company, Inc., Jupiter Key Association, Inc., Haymarket Cooperative Bank, and The Town of Jupiter, Appellees.
Nos. 97-3266, 97-3268.
District Court of Appeal of Florida, Fourth District.
October 28, 1998.
Curtis Carlson and Julie A. Moxley of Carlson & Bales, P.A., Miami, for appellants.
John H. Pelzer and Paul B. Ranis of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellee-Saturn Realty Trust.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our opinion issued September 2, 1998 and substitute the following:
The Ferolas, owners of a lot in a development, filed this lawsuit against the developer, appellee Saturn Realty Trust, and others. The Ferolas alleged that Saturn, as developer, violated the declaration of covenants and restrictions by constructing townhouses on a designated recreation area, failing to provide amenities for the recreation area, and failing to maintain common areas. The Ferolas sought injunctive relief in count I and damages in count II.
The trial court dismissed count I of the Ferolas' complaint with prejudice, concluding that the Ferolas' claim for injunctive relief was a claim for specific performance of a contract, and that the allegations of the complaint demonstrated that the one year statute of limitations period for specific performance barred the action. See § 95.11(5)(a), Fla. Stat. (1995). We agree and affirm the dismissal of count I.
The trial court dismissed count II, seeking damages, on the basis of collateral estoppel. The trial court's application of collateral estoppel was premised on the fact that another lot owner, Blue Reef Holding Corp., had previously filed a lawsuit containing the same allegations. In connection with that action, Blue Reef had entered into a settlement pursuant to which the developer *390 paid a substantial amount of money to Blue Reef. The Ferolas were not parties to that lawsuit. Because identity of parties is one of the elements of collateral estoppel, see Department of Health and Rehabilitative Servs. v. B.J.M., 656 So.2d 906, 910 (Fla.1995), this suit is not barred by that principle.
Nor can we agree with Saturn's argument that the prior lawsuit was a derivative action by the property owner's association. A derivative action is brought "in the right of a corporation," and requires service of a demand to take action on the board of directors. § 607.07401(2), Fla. Stat. (1997). The prior suit did not comply with those requirements. Nor did the settlement accrue to the benefit of anyone other than Blue Reef and few other lot owners. Even if the association, a not-for-profit corporation, could bring a derivative action[1], the prior lawsuit bore no resemblance to one.
We affirm the dismissal of count I, reverse the dismissal of count II, and remand for further proceedings consistent with this opinion.
WARNER, KLEIN and TAYLOR, JJ., concur.
NOTES
[1] The only statute which permits shareholder derivative actions is section 607.07401, Florida Statutes (1997), part of the Florida Business Corporation Act, chapter 607, dealing with for-profit corporations. Chapter 617, Florida Statutes (1997), dealing with not-for-profit corporations such as this homeowner's association, does not provide for derivative actions, and Chapter 607 does not apply to non-profit corporations. See § 617.1908, Fla. Stat. (1997).