841 So.2d 526 (2003)
POND APPLE PLACE III CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation, Appellant,
v.
Joy RUSSO and Vito Santangelo, individuals, Appellees.
No. 4D02-1502.
District Court of Appeal of Florida, Fourth District.
February 26, 2003.
Rehearing Denied April 21, 2003.
*527 Mark M. Heinish and David A. Kupperman of Katzman & Korr, P.A., Lauderhill, for appellant.
Guy M. Shir and John R. Sheppard, Jr. of Becker & Poliakoff, P.A., West Palm Beach, for appellees.
J. LEONARD FLEET, Associate Judge.
Appellant Pond Apple Place III Condominium Association ("the Association") brought suit to enforce a restrictive covenant which prohibits keeping dogs in its condominium units. Appellees Joy Russo and Vito Santangelo (collectively "the Owners") purchased their condominium unit in 1994, at which time they were furnished a copy of the Declaration of Condominium outlining their rights and obligations. At the time of closing, the Owners signed a document acknowledging their awareness of the portion of the Declaration which states, in relevant part, "[w]e understand there are no pets allowed in this community."
As early as 1994, a member of the condominium Board of Directors observed Russo walking her dog on condominium property and reminded her of the proscription against pets. Apparently because Russo attributed ownership to her mother and the presence of the dog as being only temporary, no enforcement action was taken.
In 1996, the Association delivered a letter to the Owners instructing them to remove the animal from the condominium premises within seven days. A second such notice was delivered to the Owners on July 1, 1998 demanding the removal of the dog no later than July 10, 1998 or the unit owners would face imposition of fines or legal action or both. A series of written communications ensued thereafter, during the course of which the identity of the actual owner of the dog and the date it would be permanently removed from the premises varied. After non-binding arbitration through the auspices of the Department of Business and Professional regulation ended in an impasse, the Association filed suit seeking an injunction requiring Owners to remove the dog forthwith.
After preliminary pleading skirmishes were resolved, the Owners responded with several defenses, including the statute of limitations. The Owners argued and the court below held the complaint filed by the Association was one for specific performance and was, therefore, time-barred by section 95.11(5)(a), Florida Statutes. We disagree with the learned trial judge and reverse.
Where the contractual provision sought to be enforced is negative in nature, injunctive relief is the proper vehicle for judicial enforcement. Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 1304, 128 So. 821 (1930). The applicable statute of limitations for injunction proceedings of the type here under consideration is five years. § 95.11(2)(b), Fla. Stat. (2002). The Association delivered its first official notice of violation by letter dated May 16, 1996. The Association's Complaint for Injunctive Relief was filed on March 8, 2000, well *528 within the time allowed by section 95.11(2)(b).
Given the resolution of this matter here set forth, further comment upon other points raised by the Association is unnecessary.
This matter is returned to the trial court with directions to reinstate the Association's Complaint for Injunctive Relief.
REVERSED and REMANDED.
SHAHOOD and TAYLOR, JJ., concur.