WARNER, J.
 

 In this appeal the appellants contend that the statute of limitations for specific performance bars the appellee’s action for injunction to compel removal of a portion of the appellants’ driveway constructed in violation of the declaration of restrictions for their subdivision. We hold that the five-year statute of limitations applies and affirm as to this and all other issues raised.
 

 Christine Madsen and John and Laura Fox are homeowners of adjacent properties in the Greenwood subdivision in Coral Springs. Both properties are subject to the declaration of restrictions for Greenwood, which are covenants running with the land. After purchasing the property, Madsen filed suit for injunctive relief seeking to require the Foxes to remove driveway paving constructed to the property line between her property and the Foxes’ property. She claimed that the driveway violated the declarations. The Foxes answered, claiming that the action was barred by the statute of limitations. After a full trial, the court entered a mandatory injunction requiring the Foxes to remove that portion of their driveway which extends into an easement on the property line.
 

 The Foxes appeal, claiming that the action is barred by the one-year statute of limitations for specific performance of a contract.
 
 See
 
 § 95.11(5)(a), Fla. Stat. Madsen contends, on the other hand, that the action is one for injunction and is governed by the five-year statute of limitations set forth in section 95.11(2)(b), Florida Statutes. “A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.”
 
 Hamilton v. Tanner,
 
 962 So.2d 997, 1000 (Fla. 2d DCA 2007) (citing
 
 Chrestensen v. Eurogest, Inc.,
 
 906 So.2d 843, 344 (Fla. 4th DCA 2005)). We agree that this action is governed by the longer limitations period.
 

 
 *1263
 
 The Foxes assert that the situation in this case is nearly identical to that in
 
 Ferola v. Blue Reef Holding Corp.,
 
 719 So.2d 389 (Fla. 4th DCA 1998). The owners of a lot in a development filed suit against the developer seeking injunctive relief for violations of the declaration of covenants and restrictions. The complaint alleged that the developer violated the restrictions by constructing townhouses on a designated recreation area, failing to provide amenities for the recreation area, and failing to maintain common areas. The trial court concluded that the owners’ claim for injunctive relief was really a claim for specific performance of contract and dismissed the case on the ground that the one-year statute of limitations had run. This court agreed with the trial court’s conclusion and affirmed the dismissal.
 

 While
 
 Ferola
 
 might appear on point, there are insufficient facts alleged to determine why the trial court concluded that the action was one of specific performance rather than injunction. If, for instance, the complaint sought to require the developer to provide the recreational amenities, then it could be an action for specific performance and not one of injunction. The claims in
 
 Ferola
 
 all related to affirmative promises or obligations on the part of the developer to build and maintain the development as contracted.
 
 Ferola
 
 thus is not directly on point.
 

 More on point is
 
 Sheoah Highlands, Inc. v. Daugherty,
 
 837 So.2d 579 (Fla. 5th DCA 2003), where the court squarely considered whether an action to enforce a declaration of condominium was subject to the one-year statute of limitations for specific performance of contracts, or the five-year statute of limitations for legal or equitable actions on a contract. The Fifth District found that reasonable arguments could be made supporting the application of either statute of limitations. As the court recognized:
 

 “Where a statute of limitations shortens the existing period of time the statute is generally construed strictly, and where there is reasonable doubt as to legislative intent, the preference is to allow the longer period of time.”
 
 Baskerville-Donovan Eng’rs, Inc. v. Pensacola Executive House Condo. Ass’n, Inc.,
 
 581 So.2d 1301, 1303 (Fla.1991). If there is doubt as to the applicability of a statute of limitations, the question is generally resolved in favor of the claimant.
 
 J.B. v. Sacred Heart Hosp. of Pensacola,
 
 635 So.2d 945, 947 (Fla.1994); 51 Am. Jur. 2d Limitation of Actions § 92 (2000) (“As a matter of policy, if there is a substantial question or reasonable dispute as to which two or more statutes of limitation ... should be applied, the doubt should be resolved in favor of the application of the statute containing the longest limitation period.”).
 

 Id.
 
 at 582.
 

 We applied section 95.11(2)(b), to enforce a restrictive covenant in
 
 Pond Apple Place III Condominium Ass’n v. Russo,
 
 841 So.2d 526 (Fla. 4th DCA 2003). The association brought an action against homeowners to enforce a restrictive covenant prohibiting dogs. The trial court held that the complaint was one for specific performance and was therefore time-barred. This court reversed, finding that the applicable statute of limitations for injunction proceedings of this type was five years under section 95.11(2)(b).
 

 Madsen filed a complaint for injunction, and a mandatory injunction is the proper method of enforcing restrictive agreements on property. In
 
 Daniel v. May,
 
 143 So.2d 536 (Fla. 2d DCA 1962), the court affirmed a mandatory injunction requiring the defendants to remove a portion of their dwelling constructed in violation of the restrictive covenants on their lot. The court held that a mandatory injunction is the proper means of enforcing a
 
 *1264
 
 restrictive agreement affecting real estate. Similarly, the mandatory injunction was the appropriate means of enforcing the restrictions in this case, and the five-year statute of limitations applied.
 

 In their second issue on appeal, the Foxes assert that the trial court entered a mandatory injunction which bore no relation to the relief sought in that the trial court ordered removal of the driveway from an easement rather than enforcing a setback restriction, which was requested in the complaint. To the contrary, both in the complaint and at trial, particularly in closing arguments, Madsen maintained that the driveway violated section 3 of the restrictive covenants, which contained restrictions on landscaping. The court found that a breach of the declaration occurred, because the paving of an area shown as landscaped on the original survey violated the declaration. The relief granted expressly related to the relief sought.
 

 “[A]n order imposing a
 
 permanent
 
 injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion.”
 
 Smith v. Coal, to Reduce Class Size,
 
 827 So.2d 959, 961 (Fla.2002) (quoting
 
 Operation Rescue v. Women’s Health Ctr., Inc.,
 
 626 So.2d 664, 670 (Fla.1993)). Although we agree with the Foxes that the plain language of the setback restrictions does not apply to driveways, the trial court based its decision on section 3 which disallows paving on areas shown as landscaped on the plans and specifications. The Foxes argue various facts regarding the location of the driveway but have not shown that the trial court abused its discretion.
 

 Affirmed.
 

 GROSS, C.J., and CIKLIN, J., concur.