EVANDER, J.
 

 Melbourne Ocean Club Condominium Association, Inc., (MOCCA) and Tinimar, Inc., appeal a non-final order requiring each to obtain independently audited financial statements and to provide same to Appellees. We have jurisdiction pursuant to Rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure.
 
 [1]
 
 We affirm, without
 
 *145
 
 discussion, as to the issues raised by MOC-CA. However, we conclude that the trial court erred when it determined that the one year statute of limitations for an action for specific performance did not apply to the claim brought against Tinimar.
 

 MOCCA is the governing entity for Melbourne Ocean Club Condominium — a condominium that operates as a hotel under a franchise agreement with Radisson Hotels. Appellees are unit owners and members of MOCCA. Tinimar was employed by MOCCA as its exclusive managing agent. Additionally, pursuant to written contracts entered into with each unit- owner, Tinimar served as each unit owner’s exclusive rental agent.
 

 In Count VIII of their Fourth Amended Complaint, the plaintiffs below alleged that Tinimar had breached its contracts with the unit owners by failing to provide annual audited financial statements as required by the terms of the rental agreements. Each of the rental agreements included the following provision:
 

 BUDGETS; BOOKS OF ACCOUNT; ANNUAL FINANCIAL STATEMENTS:
 

 [[Image here]]
 

 Annually, on or before March 15 of each year as to the preceding calendar year, Agent [Tinimar] shall cause to be prepared and delivered to owner:
 

 A.A complete income statement audited by an independent certified public accountant selected by Agent that includes the Gross Rental Income, itemized operating expenses and Agent’s Basic and Incentive Fees and Payments to the FF & E Reserve as to Owner’s Unit and as to all other Units.
 

 B. An audited statement of funds and other assets held by Agent including, separately, all reserve funds and liabilities incurred but not paid.
 

 C. A statement of changes in financial position.
 

 Such annual financial statements shall be prepared on an accrual basis in accordance with generally accepted accounting principles and shall disclose in detail all transactions with Agent and any affiliates showing the amounts paid or accrued to each recipient and the services performed and goods or materials provided. The cost of preparing such statements and of conducting such audit shall be a Hotel Operating Expense.
 

 Plaintiffs sought injunctive relief requiring Tinimar to obtain audited financial statements for the years 2002-2007, and to provide same to Plaintiffs.
 

 The trial court bifurcated Count VIII and Count I (in which Appellees similarly sought to obtain audited financial statements from MOCCA) and proceeded to trial on those two counts. As to the claims brought against Tinimar, the trial court found that numerous unit owners were barred by the doctrines of waiver, estop-pel, and/or laches to seek audited financial statements for the years prior to 2007. However, the trial court went on to hold that Appellees Joseph Valdastri, Eugene McCarthy, Judith McCarthy, and Howard Heidel were entitled to receive audited financial statements from Tinimar for the years 2004, 2005, and 2006, and all Appel-lees were entitled to audited statements for 2007.
 

 On appeal, Tinimar raises several issues, only one of which has merit. Tini-
 
 *146
 
 mar argues that Appellees’ action to require Tinimar to obtain and produce audited financial statements was in the nature of an action for specific performance and thus governed by the one year statute of limitations set forth in section 95.11(5)(a), Florida Statutes (2007):
 

 Actions other than for recovery of real property shall be commenced as follows:
 

 [[Image here]]
 

 (5) WITHIN ONE YEAR.—
 

 (a) An action for specific performance of a contract.
 

 Appellees argue that they were seeking enforcement of the rental agreements through an injunction and, therefore, their claim was an equitable action on a written contract subject to the five year statute of limitations set forth in section 95.11(2)(b):
 

 (2) WITHIN FIVE YEARS.—
 

 [[Image here]]
 

 (b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument....
 

 We agree with Tinimar.
 

 Because the issue raised by Tinimar is a question of law dependent upon the construction of section 95.11, our standard of review is
 
 de novo. Fox v. Madsen,
 
 12 So.3d 1261, 1262 (Fla. 4th DCA 2009).
 

 As a general rule, contractual obligations may be classified as affirmative, where one agrees that something has been or will be done, or negative, where one agrees that something has not been or will not be done.
 
 Seaboard Oil Co. v. Donovan,
 
 99 Fla. 1296, 128 So. 821, 824 (1930). The equitable remedy for breach of the former is an order requiring specific performance, while the equitable remedy for the latter is an injunction.
 
 Id.; see also Pond Apple Place III Condo. Ass’n, Inc. v. Russo,
 
 841 So.2d 526, 527 (Fla. 4th DCA 2003). Here, Appellees were requesting the court to enter an order requiring Tini-mar to perform an affirmative obligation under the rental agreements, to wit, to furnish Appellees with financial statements audited by an independent certified public accountant. Thus, Appellees’ claim against Tinimar constituted an action for specific performance, subject to a one year statute of limitations.
 
 See Ferola v. Blue Reef Holding Corp., Inc.,
 
 719 So.2d 389 (Fla. 4th DCA 1998).
 

 Appellees seek support from our decision in
 
 Sheoah Highlands, Inc. v. Daugherty,
 
 837 So.2d 579 (Fla. 5th DCA 2003), where we determined that the five year statute of limitations applied in an action by a unit owner to enjoin his condominium association from continuing to permit other unit owners from having screened enclosures on the condominium’s common property in contravention of the declaration of condominium.
 
 Sheoah
 
 is distinguishable. In
 
 Sheoah,
 
 the plaintiff-unit owner’s action sought to enforce both “affirmative” and “negative” contractual obligations. That is, the plaintiff-unit owner sought to require the condominium association to enforce the declaration of condominium against non-compliant unit owners, but also sought to have the condominium association be prohibited from continuing to allow the improper use of the condominium’s common property. We concluded that because reasonable arguments could be made supporting the application of either statute of limitations, it was appropriate to resolve the issue in favor of the claimant.
 
 Sheoah Highlands,
 
 837 So.2d at 582 (citing 51 Am.Jur.2d
 
 Limitation of Actions
 
 § 92 (2000) (“As a matter of policy, if there is a substantial question or reasonable dispute as to which of two or more statutes of limitation ... should be applied, the doubt should be resolved in favor of the application of the statute containing the longest limitation period.”)).
 

 
 *147
 
 In contrast to
 
 Sheoah,
 
 we believe that Appellees’ claim against Tinimar can be reasonably construed only as an action for specific performance. Because Appellees’ initial action was not filed until August 2007 (approximately five months after Ti-nimar was required to provide the audited financial statements for 2006), it was error for the trial court to order Tinimar to provide Appellees with audited financial statements for the years 2004 and 2005.
 

 AFFIRMED, in part; REVERSED, in part; REMANDED.
 

 ORFINGER, C.J. and PALMER, J., concur.
 

 [1]
 

 . Florida Rule of Appellate Procedure 9.130(a)(3) provides that:
 

 Appeals to the district courts of appeal of non-final orders are limited to those that
 
 *145
 
 (B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;