PER CURIAM.
Frank Brady appeals an award of $1,000 in attorneys fees pursuant to Section 57.105, Florida Statutes (1979).
Appellant joined Lizzie Myers as a defendant in a foreclosure action alleging that:
Defendant, LIZZIE G. M.YERS, ... has or may claim to have some right, title, claim or interest in and to the Mortgaged property as life tenant under that certain Deed.... Said interest is subordinate and inferior to the claim and interest of Plaintiff in said Mortgage.
The trial court granted appellee’s motion for summary judgment and awarded her attorneys fees pursuant to § 57.105, supra. The trial court made no findings that would support an award of attorneys fees pursuant to this section of the Florida Statutes.
Appellant contends that the trial court erred when it failed to make express findings of fact which would show that his joinder of appellee was so utterly devoid of merit as to be considered frivolous.
The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject matter of a suit, must be made parties either as complainants or defendants so that a complete decree may be made binding upon all parties. Oakland Properties Corporation v. Hogan, 96 Fla. 40, 117 So. 846, 848 (1928).
Appellee had a beneficial interest as life tenant in the mortgaged property and therefore was properly joined in the foreclosure action. Accordingly, on the authority of such cases as City of Deerfield Beach v. Oliver-Hoffman Corp. of Deerfield Beach, 396 So.2d 1187 (Fla. 4th DCA 1981), T.I.E. Communications v. Toyota Motors, 391 So.2d 697 (Fla. 3d DCA 1980), Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980) and the Supreme Court’s recent decision in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), the order awarding attorneys fees under Section 57.105, Florida Statutes (1979) is reversed.
REVERSED.
GLICKSTEIN, HURLEY and DELL, JJ., concur.