PER CURIAM.
We affirm the final order dismissing the case. The court’s order found that the preliminary injunction was not wrongfully issued and that a change of circumstances, the construction of appellees’ own treatment facilities, mooted the continuation of injunctive relief. See Shea v. Central Diagnostic Servs., Inc., 552 So.2d 344, 346 n. 2 (Fla. 5th DCA 1989); Oakwood Manor, Inc. v. Eck, 358 So.2d 585, 587 (Fla. 2d DCA 1978). Both sides stipulated that the trial court could make its final adjudication in the case based on the record compiled from prior hearings and written submissions, since the court “had already heard all relevant evidence [and][a] formal trial would be redundant and create needless expense.” No new information was developed which caused the judge to conclude that his earlier decision to grant the preliminary injunction, made after “an extensive evidentiary hearing,” was erroneous.
In Operation Rescue v. Women’s Health Center, Inc., 626 So.2d 664, 670 (Fla.1993), the supreme court set forth the standard for appellate review of injunctions:
Where an injunction is issued and challenged, Florida’s appellate courts possess express authority to review the order. The scope of review, however, is limited. As a general rule, trial court orders are clothed with a presumption of correctness and will remain undisturbed unless the petitioning party can show reversible error. To the extent it rests on factual matters, an order imposing a permanent injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion.... Abuse of discretion, of course, is judged by the general “reasonableness” standard.... If reasonable men could differ as to the *302 propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness. To the extent it rests on purely legal matters, an order imposing an injunction is subject to full, or de novo, review on appeal.
(Citations omitted). See Browning-Ferris Indus. of Florida, Inc. v. Manzella, 694 So.2d 110, 111-12 (Fla. 4th DCA 1997) (citing Operation Rescue).
It was not an abuse of discretion for the trial court to grant injunctive relief to ap-pellees under the circumstances of this case. In Lawler, M.D. v. Eugene Wuesthoff Memorial Hospital Ass’n, 497 So.2d 1261 (Fla. 5th DCA 1986), the court reversed the dismissal of the plaintiffs claim for injunctive relief, stating:
It cannot be seriously questioned that the loss of staff privileges for a doctor at a hospital is a serious disadvantage to his or her ability to continue to practice in the community — particularly as in this case where there are no other nearby hospitals. The loss of staff privileges equates to loss of patients and ability to practice in this doctor’s speciality — radiology. Such a loss or injury is difficult to measure, and therefore, in our view, injunctive relief may be appropriate.
497 So.2d at 1264-65 (footnote omitted).
Similar to the plaintiff in Lawler, at the time the injunction was issued, appellees had no radiation treatment facility available for their use other than appellant’s treatment center. Further, had appellees not been allowed continued use of the center, their damages could not have been assigned a dollar value. The court found that, although appellant questioned appel-lees regarding their past income, “in the case of physicians and the public, it goes beyond that. And I think the irreparable harm is that these three doctors are going to be kicked out of the practice of medicine effectively in this area, not to mention their patients.” The trial court’s determination that no adequate remedy at law existed was not unreasonable based on the evidence presented. The court likewise found that appellees had “a very justifiable legal basis for their claim in this case for relief under either tort, or [ajrguably a declaratory action” and a substantial likelihood of success.
AFFIRMED.
STONE, GROSS, JJ., and JULIAN, JOYCE A., Associate Judge, concur.