837 So.2d 579 (2003)
SHEOAH HIGHLANDS, INC., et al., Appellants/Cross-Appellees,
v.
Vernon DAUGHERTY, et al., Appellees/Cross-Appellants.
Nos. 5D01-3181, 5D02-277.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
*580 Charles Tyler Cone of Fowler White Boggs Banker, P.A., Tampa, for Appellant/Cross-Appellees.
William H. Morrison of Baldwin & Morrison, P.A., Fern Park, for Appellee/Cross-Appellants.
ORFINGER, J.
Vernon Daugherty, the owner of a unit at the Sheoah Highlands condominium, brought suit against Sheoah Highlands, Inc., the condominium's governing association (Association), and its board of directors, alleging that the Association failed to enforce the declaration of condominium. Specifically, Daugherty alleged that the Association allowed certain unit owners to erect screened enclosures on the condominium's common property contrary to the provisions of the declaration. Following a bench trial on stipulated facts, the court ordered the Association to remove two of the five encroaching enclosures and to pay Daugherty's attorney's fees. The Association appeals, arguing that (a) Daugherty's claims were barred by the statute of limitations; (b) the judgment was erroneous because it affects parties not before the court; (c) Daugherty's complaint failed to state a cause of action; and (d) Daugherty's claim for attorney's fees was not adequately pled. On cross-appeal, Daugherty contends the trial court erred in finding that his derivative cause of action failed and in not ordering the Association to seek the removal of all five of the encroaching enclosures. We affirm in part and reverse in part.

FACTS
Daugherty purchased unit 40-30 in the Sheoah Highlands Condominium in 1981. At the time he purchased his unit, three owners had erected screened enclosures on the condominium's common property adjacent to their units. A fourth enclosure was built adjacent to unit 40-25 in 1996, and a fifth adjacent to unit 40-29 in 1998.[1] The Association's board approved the construction of all five enclosures.
Daugherty's concern about the enclosures dated back to at least 1991 when he wrote to the Association's president, asking that no enclosure be constructed adjacent to the unit below him. In reply, the president of the Association advised Daugherty that Lee Rhydderch, the owner of the unit below Daugherty's, "has no plans now or in the future to add to her porch." Apparently, Rhydderch's plans changed because in 1998, she constructed a screened enclosure on the common area below Daugherty's unit. After Rhydderch built her enclosure, Daugherty, through *581 counsel, again wrote to the Association asking the Association to "take immediate action to remove these improper buildings." Daugherty contended that the use of common property by one unit owner, to the exclusion of all others, violated the declaration of condominium. After the board failed to respond to a second demand, Daugherty filed suit seeking "a temporary and permanent injunction mandating that the [Association] take steps to remove the extensions or erections installed on `common areas.'" The Association answered and asserted various defenses, including the statute of limitations.
After a bench trial, the trial court entered judgment in favor of Daugherty, finding that the enclosures constructed in 1996 and 1998 constituted an improper use of the condominium's common elements, while concluding that Daugherty's claim failed as to the other enclosures based on the statute of limitations. The trial court found that the enclosures constructed adjacent to units 40-25 and 40-29 "were built in areas of common elements and under the terms of the declaration of condominium, the Association is responsible for the maintenance and operation of common elements," and that the "original terms of the declaration of condominium expressly state that no alteration or addition can be made to the common elements." Based on these findings, the trial court found that "the enclosures built adjacent to units 40-25 and 40-29 violate the terms of the declaration of condominium and must be removed by the Association under its duty to maintain the common elements." In addition to ordering the Association to remove two of the enclosures, the court also awarded Daugherty's attorney's fees.

THE STATUTE OF LIMITATIONS
Section 95.11, Florida Statutes (1998), provides, in relevant part:
Actions other than for recovery of real property shall be commenced as follows:
* * *
(2) Within five years.
* * *
(b) A legal or equitable action on a contract....
* * *
(5) Within one year.
(a) An action for specific performance of a contract.
Relying on Ferola v. Blue Reef Holding Corp., Inc., 719 So.2d 389 (Fla. 4th DCA 1998), the Association argues that Daugherty's claim for injunctive relief was substantively a claim for specific performance of the declaration of condominium, and, as a result, the action was barred by the one-year statute of limitations period for specific performance.[2]See § 95.11(5)(a), Fla. Stat. (1999). On cross-appeal, Daugherty argues that no statute of limitations bars *582 the enforcement of a violation of the declaration of condominium.
In Ferola, the plaintiffs, owners of a lot in a development, filed suit against the developer, alleging that the developer violated the declaration of covenants and restrictions by constructing townhouses on a designated recreation area, failing to provide amenities for the recreation area, and failing to maintain common areas. The fourth district court, in holding that the Ferolas' claim was barred by the statute of limitations, concluded that their claim for injunctive relief was, in substance, a claim for specific performance of a contract, and, therefore, the one-year limitation period applied. That conclusion was reached because "[a]n injunction against the breach of a contract is a negative decree of specific performance of the agreement...." Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 128 So. 821, 825 (1930). See Fla. Jai Alai, Inc. v. S. Catering Servs., Inc., 388 So.2d 1076, 1078 (Fla. 5th DCA 1980). Put another way, an injunction against the breach of a contract is a remedy by way of negative specific performance. See 48 Fla. Jur.2d Specific Performance § 3 (2000).
Daugherty argues that it can equally be said that enforcement of the rights and duties set forth in the declaration of condominium is "a legal or equitable action on a contract" within the scope of section 95.11(2)(b). "For purposes of a statute of limitations, an action derives from a contract... when a contract contains an undertaking to do the thing for the nonperformance for which the action is brought...." 54 C.J.S. Limitations of Actions § 48 (1987). "[I]f a contract is the source of substantive rights or duties, the contract statute of limitations applies...." Id.
We believe that reasonable arguments can be made supporting the application of either statute of limitations. "The nature of the cause of action or of the rights sued upon is the test by which to determine which statute of limitation applies...." 51 Am.Jur.2d Limitation of Actions § 90 (2000). "Where a statute of limitations shortens the existing period of time the statute is generally construed strictly, and where there is reasonable doubt as to legislative intent, the preference is to allow the longer period of time." Baskerville-Donovan Eng'rs, Inc. v. Pensacola Executive House Condo. Ass'n, Inc., 581 So.2d 1301, 1303 (Fla.1991). If there is doubt as to the applicability of a statute of limitations, the question is generally resolved in favor of the claimant. J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945, 947 (Fla.1994); 51 Am. Jur.2d Limitation of Actions § 92 (2000) ("As a matter of policy, if there is a substantial question or reasonable dispute as to which two or more statutes of limitation... should be applied, the doubt should be resolved in favor of the application of the statute containing the longest limitation period.")
Applying the foregoing analysis to the matter before us, we conclude that because there is a reasonable question as to which statute of limitations should apply to Daugherty's claim, we resolve the doubt in favor of the application of the statute containing the longer limitation period. See J.B. We conclude that the trial judge was correct in allowing Daugherty's action to proceed as to the enclosures constructed in 1996 and thereafter, while barring his action regarding the other enclosures.

INDISPENSABLE PARTIES
The Association next argues that the trial court erred by entering an injunction, requiring the Association to remove the enclosures built by two unit-owners who were not parties to the litigation. The *583 Association's argument is premised on the notion that the circuit court lacks jurisdiction to enter a judgment that affects persons not parties to the action. Daugherty contends that his action did not seek relief against individual unit owners; rather, it was an action against the Association demanding that the Association take action against the unit owners.
While Daugherty accurately characterizes the relief sought in his amended complaint, the trial court's judgment required the Association to "remove the enclosures... from the common areas and restore the common elements to the their original condition prior to the commencement of construction on the enclosures." The court did not order the Association to bring an action against the offending unit owners seeking the removal of the enclosures; it simply ordered the removal of their enclosures.
A court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action. An injunction can lie only when its scope is limited in effect to the rights of parties before the court. Street v. Sugerman, 177 So.2d 526 (Fla. 3d DCA 1965); Fontainebleau Hotel Corp. v. City of Miami Beach, 172 So.2d 255 (Fla. 3d DCA 1965). "The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, must be made parties either as complainants or defendants so that a complete decree may be made binding upon all parties." Oakland Props. Corp. v. Hogan, 96 Fla. 40, 117 So. 846, 848 (1928) (emphasis added). See Robinson v. Howe, 35 Fla. 73, 17 So. 368, 370 (1895); Brady v. Myers, 413 So.2d 466, 467 (Fla. 4th DCA 1982).
Here, Daugherty sued the Association and the members of the board of the Association in their representative capacities. He did not sue the members of the board in their individual capacities or those who own the enclosures; yet, the relief awarded by the trial court requires the Association to remove the enclosures at units 40-25 and 40-29, the property of persons not parties to the suit. Although the injunctive relief awarded in the trial court's amended final judgment is directed only to the Association, it cannot be said that the removal of the enclosures by Association would not affect and interfere with the rights of the owners of these units. Because the injunction affects the rights of persons not before the court, it was error for the trial court to order the removal of the enclosures in the amended final judgment.[3] On remand, the trial court should direct the Association to enforce the provisions of the declaration of condominium and to take all appropriate action to remove the enclosures adjacent to units 40-25 and 40-29, as Daugherty requested in his amended complaint.

ATTORNEY'S FEES
Daugherty's amended complaint alleged that he "has been required to retain the services of [an attorney] in the prosecution of this matter and is indebted to [the attorney] for the same." The Association contends that the trial court erred in awarding Daugherty attorney's fees because the complaint failed to plead any contractual or statutory basis for an award of fees. Daugherty argues that the award of attorney's fees was properly pled pursuant *584 to the declaration of condominium, which allows the prevailing party to recover such fees in the event of an enforcement action.
"[A] claim for attorney's fees, whether based on statute or contract, must be pled." Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991). "Stockman is to be read to hold that the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, if filed, constitutes a waiver." Green v. Sun Harbor Homeowners' Ass'n, Inc., 730 So.2d 1261, 1263 (Fla.1998). See Starkey v. Linn, 723 So.2d 333, 336 (Fla. 5th DCA 1998). While this court has held that a party seeking an award of fees must specifically plead the correct entitlement, the supreme court recently held that a general request for attorney's fees is sufficient, and that the failure to plead the specific statutory or contractual basis for such a claim does not result in waiver of the claim. Caufield v. Cantele, 837 So.2d 371, 373, (2002). Daugherty made a general request for attorney's fees in his complaint. That was sufficient. Id. The trial court was therefore correct in awarding Daugherty's attorney's fees.

CONCLUSION
We find no merit in the remaining issues raised on appeal or on cross-appeal. We affirm the judgment insofar as it concludes that Daugherty's action was not barred by the statute of limitations with respect to the enclosures built adjacent to units 40-25 and 40-29, that such enclosures violate the declaration of condominium, and were improperly approved by the board of directors. We conclude that the trial court correctly awarded attorney's fees based on the pleading requirement of Stockman, as clarified by Caufield. We also conclude that the trial court lacked jurisdiction to direct the Association to remove the enclosures because substantial interests of non-parties would be affected.
Accordingly, we affirm the final judgment in part, reverse in part, and remand for further proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] The three enclosures built prior to 1981 were adjacent to units 50-33, 50-35, and 70-41. The record is somewhat confused about whether the fourth enclosure built in 1996 was adjacent to unit 40-25 or unit 40-27, but for purposes of this appeal, we assume that it was built adjacent to unit 40-25, as set forth in Sheoah's initial brief.
[2] In Woodside Village Condominium Association, Inc. v. Jahren, 806 So.2d 452, 455-56 (Fla.2002), the supreme court citing Pepe v. Whispering Sands Condominium Association, Inc., 351 So.2d 755, 757-58 (Fla. 2d DCA 1977), explained:

A declaration of a condominium is more than a mere contract spelling out mutual rights and obligations of the parties thereto-it assumes some of the attributes of a covenant running with the land, circumscribing the extent and limits of the enjoyment and use of real property. Stated otherwise, it spells out the true extent of the purchased, and thus granted, use interest therein. Absent consent, or an amendment of the declaration of condominium as may be provided for in such declaration, or as may be provided by statute in the absence of such a provision, this enjoyment and use cannot be impaired or diminished.
(Footnotes omitted).
[3] See, e.g., Stomar, Inc. v. Lucky Seven Riverboat Co., L.L.C., 821 So.2d 1183, 1187 (Fla. 4th DCA 2002) (finding that because the individual defendants were acting in their representative capacity on behalf of the limited liability company in executing the brokerage agreement, the circuit court did not have personal jurisdiction over them).