921 So.2d 796 (2006)
William Robert FERGUSON, Jr., Appellant,
v.
Ruth Marie FERGUSON, Appellee.
No. 5D05-1658.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
Steven J. Guardiano, Daytona Beach, for Appellant.
*797 Nathan G. Dinitz, Daytona Beach, for Appellee.
LAWSON, J.
William Robert Ferguson, Jr., appeals an order summarily dismissing his petition to modify the amount of alimony awarded to his former wife, Ruth Marie Ferguson. We affirm.
The former husband initially filed a petition seeking to dissolve his marriage to the former wife on March 22, 2002. The court ordered the parties to attend mediation, which resulted in a settlement agreement that, inter alia, required the former husband to pay permanent periodic alimony of $900 per month. On September 2, 2002, the court entered a final judgment of dissolution incorporating the settlement agreement in its entirety.
On September 8, 2003, the former husband filed a supplemental petition for modification,[1] alleging that he had lost his previous job and had obtained a new position at a substantially reduced salary. He alleged that this change in circumstance was substantial and permanent, and asked the court to award him child support and to reduce or eliminate his alimony obligation. After conducting a full evidentiary hearing, the trial court denied the former husband's request to modify his alimony obligation, but ordered the former wife to begin paying $472.36 per month in child support until March 1, 2005. The former husband did not appeal this order, entered May 10, 2004.
However, on February 18, 2005. the former husband filed another petition to modify the alimony award, again alleging a substantial change in circumstances rendering him unable to meet his alimony obligation. The former wife filed a motion to dismiss, asserting that the petition was frivolous because it failed to identify a change that had occurred since entry of the court's May 10, 2004 order. Without conducting an evidentiary hearing, the court granted the motion to dismiss and denied the petition. The issue on appeal is whether the trial court erred in dismissing the former husband's petition for modification of alimony without conducting an evidentiary hearing.
To modify an award of alimony, the petitioner must show a substantial change in circumstances, not contemplated at the time of the divorce judgment, which is sufficient, material, involuntary, and permanent in nature. E.g., Douglas v. Douglas, 795 So.2d 99 (Fla. 5th DCA 2001). Such modification can only be based on changed conditions occurring since entry of the prior award or modification thereto. E.g., Hosford v. Hosford, 362 So.2d 973 (Fla. 1st DCA 1978); § 61.14, Fla. Stat. (2004). Where the alimony is set by the parties' agreement, the party who seeks a change carries a heavier burden. E.g., Pimm v. Pimm, 601 So.2d 534, 537 (Fla. 1992). An evidentiary hearing is not required on a motion where the allegations and supporting documents fail to allege a colorable entitlement to relief. See, e.g., Smith v. Smith, 903 So.2d 1044 (Fla. 5th DCA 2005); Smith v. Cuban American Nat. Found., 657 So.2d 86 (Fla. 3d DCA 1995). The court's decision to modify alimony is reviewed on appeal for abuse of discretion. E.g., Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We have reviewed the record and agree that the former husband's February 18, 2005 petition failed to demonstrate a substantial change in circumstances. Rather, it appears that the petition is largely an attempt to reargue the issues decided by the unappealed May 10, 2004, order. As a *798 result, no evidentiary hearing was required, and the trial court acted well within his discretion in denying the petition without conducting an evidentiary hearing.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] He did not file an initial petition to modify.