925 So.2d 462 (2006)
Myles Kenneth LEIGHTON, individually, and Network Lending Group, Inc., a Florida limited liability corporation, Appellants,
v.
FIRST UNIVERSAL LENDING, LLC, a Florida limited liability corporation, Appellee.
No. 4D05-3030.
District Court of Appeal of Florida, Fourth District.
April 12, 2006.
*463 Richard A. Kupfer, P.A., West Palm Beach, and McKeown & Associates, P.A., West Palm Beach, for appellants.
Justin M. Pearson of Feingold & Kam, LLC, Palm Beach Gardens, for appellee.

ON MOTION FOR REHEARING
MAY, J.
The appellant filed a motion for rehearing, which we deny. However, we withdraw our opinion of February 15, 2006, and substitute the following in its place to correct a factual error in the original opinion.
The plaintiffs, counter-defendants, Myles Kenneth Leighton [Leighton] and Network Lending Group, LLC [Network Lending], appeal an injunction enforcing a restrictive covenant not to compete with the defendant First Universal Lending, LLC [First Universal]. They argue the trial court improperly entered the injunction and further erred in extending it to Network Lending, which had not been named as a party or served with the complaint for injunctive relief. We affirm the injunction as it relates to Leighton, but reverse the injunction to the extent it enjoins Network Lending.
Leighton was employed by First Universal as a loan officer. As part of his employment, Leighton signed a non-compete agreement. Leighton left First Universal approximately thirteen months later and immediately opened Network Lending within two miles of First Universal's office.
Leighton sued First Universal for $9,954.25 in commissions allegedly owed to him. First Universal responded by moving to dismiss the complaint and filing a counterclaim solely against Leighton to enforce the non-compete agreement. The trial court held an evidentiary hearing on *464 the counterclaim for injunctive relief, and enjoined Leighton and Network Lending from all competition with First Universal within fifty miles of First Universal's offices.
Leighton argues the trial court erred when it failed to consider his allegations of unpaid commissions before entering the injunction. First Universal responds that Leighton failed to preserve the issue and failed to present evidence at the hearing to prove his allegations. We find the issue was preserved, and while Leighton testified that First Universal failed to pay him two commissions, the trial court apparently did not find the evidence sufficient to preclude the entry of an injunction against him.[1]
Section 542.335, Florida Statutes (2005), governs the enforceability of non-compete clauses. Non-compete clauses are valid so long as the contracts are reasonable in time, area, and line of business. 542.335(1). In determining the enforceability of non-compete clauses, the trial court must consider all applicable legal and equitable defenses. 542.335(1)(g)3, Fla. Stat. (2005). An employer's breach of the contract is an equitable defense to the enforcement of a non-compete clause. Benemerito & Flores, M.D.'s, P.A. v. Roche, 751 So.2d 91, 93 (Fla. 4th DCA 1999). However, there must be evidence of that breach.
Here, the trial court made the requisite findings and conclusions required by section 542.335.[2] The trial court concluded the non-compete clause was in writing and signed by both parties, was reasonably necessary to protect a legitimate business interest, and was reasonable in scope and duration. Leighton, however, failed to convince the trial court that an injunction should not issue.
"To the extent it rests on factual matters, an order imposing a permanent injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion." St. Lucie County Radiation Oncology, Ltd. v. Woody, 766 So.2d 301, 301 (Fla. 4th DCA 2000) (quoting Operation Rescue v. Women's Health Ctr., Inc., 626 So.2d 664, 670 (Fla.1993)). We find no abuse of discretion in the trial court's findings in this case and affirm the injunction against Leighton.
The error in this case is a technical one involving Network Lending. "A court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action." Sheoah Highlands, Inc. v. Daugherty, 837 So.2d 579, 583 (Fla. 5th DCA 2003). "An injunction can lie only when its scope is limited in effect to the rights of parties before the court." Id. (citations omitted).
Leighton and Network Lending claim the trial court erred in enjoining Network Lending when it was neither named as a party nor served with the claim for injunctive relief. Further, they argue the trial court made no finding that Network Lending was the alter ego of Leighton. First Universal responds that Network Lending's entire existence was *465 based on information Leighton stole from First Universal. It also claims that an injunction may bind non-parties identified with parties in interest, in privity with them, represented by them, or subject to their control. See Dad's Props., Inc. v. Lucas, 545 So.2d 926 (Fla. 2d DCA 1989).
There is no doubt that a court can enjoin others who were not parties to the non-compete agreement. However, those parties must receive notice and have an opportunity to be heard. Sheoah Highlands, 837 So.2d at 583. Here, Network Lending was neither named in the claim for injunctive relief nor served. An injunction cannot bind parties who are not before the court.
We affirm the injunction entered against Leighton, but reverse the injunction against Network Lending.
STEVENSON, C.J., and WARNER, J., concur.
NOTES
[1] The record submitted contains random portions of the hearing transcript making it difficult to discern all the evidence the trial court had to consider in making its decision.
[2] We acknowledge the trial court applied a statute, section 542.33, Florida Statutes, which had been repealed. Section 542.335 of the Florida Statutes applies to a non-compete clause entered into after July 1, 1996. Nevertheless, the court's findings are in compliance with the proper statute.