966 So.2d 986 (2007)
Roger Natale TRISOTTO, Sr., Appellant,
v.
Elaine Suddeth TRISOTTO, Appellee.
No. 5D06-1724.
District Court of Appeal of Florida, Fifth District.
September 21, 2007.
*987 Linda D. Schoonover, of Linda D. Schoonover, P.A., Lake Mary, for Appellant.
Wade P. Luther, of The Law Offices of Wade P. Luther, P.A., Orlando, for Appellee.
ORFINGER, J.
The former husband, Roger N. Trisotto, Sr., appeals several post-dissolution orders. Specifically, Mr. Trisotto contends that the trial court erred by: (1) denying his request for a downward modification of his permanent alimony obligation; (2) finding *988 him in contempt of court for failing to pay alimony as required; (3) awarding attorney's fees and costs to the former wife, Elaine Trisotto; and (4) issuing a restraining order against him and his current wife.
We affirm the trial court's order denying Mr. Trisotto's request for a downward modification of his permanent alimony obligation. Although the evidence as to why Mr. Trisotto's income was reduced was in conflict, there is competent, substantial evidence to support the trial court's conclusion that Mr. Trisotto's income reduction was neither permanent nor involuntary. See, e.g., Ferguson v. Ferguson, 921 So.2d 796, 797 (Fla. 5th DCA 2006) (reiterating that to modify an award of alimony, petitioner must show substantial change in circumstances, not contemplated at the time of the divorce judgment, which is sufficient, material, involuntary, and permanent in nature).
With respect to the contempt order, we affirm that part of the order determining the alimony arrearage to be $14,092.92, as the record contains competent, substantial evidence supporting that conclusion. However, the order fails to include a finding that Mr. Trisotto willfully failed to comply with his alimony obligations despite having the financial ability to do so as required by Florida Family Law Rule of Procedure 12.615(d)(1). See also Bresch v. Henderson, 761 So.2d 449, 450-51 (Fla. 2d DCA 2000). Accordingly, on this issue, we reverse for the limited purpose of allowing the trial court to enter an order in compliance with rule 12.615(d)(1).
We dismiss as premature Mr. Trisotto's appeal of the order determining that his former wife is entitled to attorney's fees and costs in connection with this litigation. The trial court's order found that the former wife was entitled to fees, but did not determine the amount. Accordingly, the appeal of this order is premature and must be dismissed. Lasco Enters., Inc. v. Kohlbrand, 819 So.2d 821, 827-28 (Fla. 5th DCA 2002).
However, we agree with the former husband that the trial court erred when it entered a restraining order against his current wife. A court is without jurisdiction to issue an injunction that interferes with the rights of those who are not parties to the action. Sheoah Highlands, Inc. v. Daugherty, 837 So.2d 579, 583 (Fla. 5th DCA 2003). Here, the former husband's current wife was not a party to the litigation or served with process. Accordingly, the injunction as to her must be vacated.
Finally, Mr. Trisotto appeals an additional order adjudicating him in civil contempt for failure to pay alimony and ordering a thirty-day incarceration with a $2,500 purge condition. This order failed to provide a factual basis for its finding that Mr. Trisotto had the present ability to pay the $2,500 purge condition, as required by rule 12.615(e). Accordingly, the order is vacated so that the court may, on remand, make the appropriate findings.
AFFIRMED in part, REVERSED in part, DISMISSED in part, and REMANDED.
PLEUS and EVANDER, JJ., concur.