992 So.2d 378 (2008)
DEPARTMENT OF TRANSPORTATION, et al., Petitioner,
v.
Christopher M. BAIRD, Respondent.
Nos. 5D08-1675, 5D08-1678.
District Court of Appeal of Florida, Fifth District.
October 10, 2008.
Gregory G. Costas, Tallahassee, for Petitioner, Department of Transportation.
*379 Kimberly A. Ashby of Akerman Senterfitt, Orlando, and Joseph L. Passiatore, Orlando, for Petitioner, Orlando-Orange County Expressway Authority.
Wayne Culver of Mays & Henderson-Harvey, PLC, Cocoa, for Respondent.
LAWSON, J.
In this consolidated petition for writ of certiorari, the Orlando-Orange County Expressway Authority ("Authority") and the State of Florida, Department of Transportation ("DOT") seek review of a circuit court appellate decision. We find that the circuit court departed from the essential requirements of the law by considering issues not raised by the parties below and granting relief not sought by the parties below and also violated due process by adjudicating rights and enjoining actions without notice and an opportunity to be heard. Accordingly, we grant the petition in part, and quash the offending portions of the circuit court's decision.

Background
The underlying dispute in county court involved Christopher Baird's toll violations and resulting driver's license suspension.[1] Baird has an "EPASS" device which allows him to pass through tollbooths without physically having to pay the toll.[2] Unknown to Baird, his EPASS transponder was not working properly. Consequently, Baird was assessed a toll violation each time his vehicle passed through the EPASS tollbooth. His wife and second listed owner of the vehicle, Candace Baird, was actually responsible for the toll violations, which numbered sixteen.
Prior to the issuance of citations for these violations, the Bairds had moved to a new residence, provided notification to the tag office of their new address, and received a registration card from the State bearing the new address. However, the Department of Highway Safety & Motor Vehicles failed to update Baird's address on its computer database from January 31, 2007 until after the toll violations were recorded in the summer and early fall of 2007. As a result, the traffic citations were sent to the older address and were never forwarded to the Bairds.
Baird first received notice of the citations when he later tried to renew his vehicle registration and discovered that his driver's license had been suspended for failure to challenge or pay the sixteen citations. Baird then relied on erroneous information from a deputy clerk who told him that if he simply paid the citations he could have adjudication withheld, with no points assessed, and clear his license suspension. He paid the citations in full, at $90.50 per citation, only to then discover that he had thereby admitted his guilt as to each infraction, resulting in the assessment of forty-eight points on his license and a mandatory one-year license suspension.
After determining that it had mailed Baird's citations to the wrong address, DOT's Office of Toll Operations attempted to dismiss them, but could not do so because Baird had already paid them. DOT and Baird then filed in the county court of Seminole County a stipulated motion for withdrawal of plea on February 15, 2008, *380 and a stipulated motion for reduction of legal penalty on March 5, 2008. Hearings were held, but the county judge refused to consider testimony concerning the facts surrounding the citations and denied the joint motion (allowing the pleas and license suspension to stand).
On appeal to the circuit court, Baird only challenged the denial of his motion to withdraw his plea and motion for reduction of legal penalty. Baird and the State were the only parties, and neither party challenged the enforcement of EPASS or SUNPASS toll violations pursuant to section 316.1001, Florida Statutes (2007), or sought any relief beyond correction of the county court's error in denying the stipulated motions.
In deciding the appeal, the circuit court issued a comprehensive written opinion that found the trial court error. In summary, the circuit opinion concluded that because of the admitted error of the Authority through its agent, DOT, Baird was not afforded his right of due process to contest the citations. The circuit court correctly found no legal ground justifying the county court's refusal to recognize DOT's confession of error, and reversed the county court's denial of the stipulated motions. The circuit court then, itself, entertained the motions and dismissed all causes of action giving rise to the appeal against Baird; ordered the Department of Motor Vehicles of the State of Florida to remove all suspensions from Baird's driving record; ordered the reinstatement of Baird's driver's license without restriction; ordered the removal of all points assessed against Baird's license; and, ordered the State of Florida and the Clerk of the Court for Seminole County to refund all paid fines, fees, penalties and surcharges assessed against Baird.[3]
The written appellate opinion then took an even more unusual turn as the circuit court attempted to fashion an injunctive remedy, never requested, for all EPASS and SUNPASS users who might face a similar situation in the future. The circuit court wrote:
The Court having determined that EPASS and SUNPASS users have license agreements for prepaid and guaranteed accounts with the authority of each service, and having found that these users are exempt from enforcement of toll violations pursuant to F.S. 316.1001 (2007), the FDOT, Florida Turnpike Authority and Orlando-Orange County Expressway Authority are hereby enjoined from filing any toll violation action in the Eighteenth Judicial Circuit of Florida for violations of F.S. 316.1001 (2007) as against any prepaid or guaranteed account holder who has entered an agreement with these authorities for EPASS or SUNPASS services. The Clerk of the Court of Seminole [County] and the Clerk of the Court of Brevard County are hereby *381 ordered to refuse the filing of such citations for violation of F.S. 316.1001 (2007) by these authorities and their enforcement officers or any other state agency with the authority to issue such citations until such time as the enforcement officer files a report under oath stating that such violator is not a prepaid or guaranteed account holder and does not have a valid agreement for the same with the authority for whom they are attempting to enforce this statute. The County Courts of both Seminole and Brevard are hereby ordered to dismiss any action currently pending where such an affidavit has not been filed.
The written opinion was issued on April 22, 2008. DOT filed a motion for rehearing arguing that the circuit court's appellate opinion incorrectly decided issues and ordered relief not raised at the trial court level or on appeal, and improperly relied upon the terms of a "license and use agreement" between Baird and the Orlando-Orange County Expressway Authority, even though that agreement was not attached to any of the pleadings of record, and was not admitted into evidence below. The circuit judge denied the motion for rehearing, reasoning that it was an appellate court's duty to correct fundamental errors even when they have not been identified by the parties and that the appeal involved fundamental error. DOT then petitioned this court for certiorari review.
The Authority, which was not a party at trial or in the circuit appeal, also filed a petition for writ of certiorari on May 22, 2008, arguing that the appellate court did not have jurisdiction over it and violated due process by issuing an injunction against it even though it had not been named as a party or given an opportunity to be heard on the issues.[4]

Standard of Review
We review a certiorari petition challenging a circuit court appellate decision to determine: (1) whether the circuit court afforded the parties procedural due process; and (2) whether the circuit court departed from the essential requirements of the law (also expressed as whether the court applied the correct law). See, e.g., Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995).

Analysis
We agree with DOT and the Authority that the circuit court's appellate opinion violated due process and misapplied the law that defines the appropriate scope of appellate review.
The basic requirements of procedural due process are notice and an opportunity to be heard. See, e.g., Cavalier v. Ignas, 290 So.2d 20, 21 (Fla.1974) ("[T]he fundamental principle of due process of law demands notice and an opportunity to be heard before final judgment."). DOT *382 and the Authority were denied both when the circuit court addressed issues affecting them that had never been raised in the proceedings below and ordered injunctive and other relief against them with no prior notice. Cf. Spradley v. Old Harmony Baptist Church, 721 So.2d 735 (Fla. 1st DCA 1998) (holding that trial court erred by entering an injunction sua sponte, as an injunction cannot be entered unless a pleading requests one); see also Cardinal Inv. Group, Inc. v. Giles, 813 So.2d 262 (Fla. 4th DCA 2002) (reversing mandatory injunction requiring landlord to install new air conditioning system because pleadings did not request that type of injunctive relief and courts are not authorized to grant relief not requested in pleadings). This due process violation was especially egregious as to the Authority, which was not even a party in the case. Cf. Trisotto v. Trisotto, 966 So.2d 986 (Fla. 5th DCA 2007) (holding that trial court erred by entering restraining order against former husband's current wife, who was not a party or served with process, as a court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action); Leighton v. First Universal Lending, LLC, 925 So.2d 462 (Fla. 4th DCA 2006) (recognizing that an injunction cannot bind parties who are not before this court); Sheoah Highlands, Inc. v. Daugherty, 837 So.2d 579 (Fla. 5th DCA 2003) (recognizing that a court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action).
With respect to the law governing a circuit court's appellate jurisdiction, it is axiomatic that an appellate court on direct appeal is limited to a review of the lower court proceedings and cannot entertain, create or act upon a new, original cause of action under the guise of appellate review. See 3 Fla. Jur.2d, Appellate Review § 275 (2004); see also, 4 C.J.S. Appeal and Error §§ 16(b), 31 (1993) (an appeal is not the commencement of a new suit, and an appellate court is limited to review of the judgment from which the appeal is taken).
It was also improper for the circuit court on appeal to refer to an agreement between Baird and the Authority that was not part of the record on appeal. See, e.g., Altchiler v. State, Dep't of Prof'l Reg., 442 So.2d 349 (Fla. 1st DCA 1983) (recognizing rule that appellate court may not consider matters outside the record is so elemental that there is no excuse for any attorney to attempt to bring such matters before the court); Hillsborough County Bd. v. Pub. Employees Relations Comm'n, 424 So.2d 132 (Fla. 1st DCA 1982) (recognizing that an appeal has never been an evidentiary proceeding, so appellate court will not consider evidence not presented to the lower tribunal because function of appellate court is to determine whether lower tribunal committed error based upon the issues and evidence before it). The error was compounded when the circuit court used that agreement to essentially void all pending and future traffic citations issued to those who entered into similar agreements.
As the circuit court did not have authority to issue an injunction against the toll enforcement agencies, it likewise lacked the authority to issue directions to the courts in Seminole County and Brevard County regarding that injunctive relief.
Because the circuit court opinion violated due process and failed to apply the correct law, we grant certiorari and quash those portions of the circuit court's opinion that address issues not raised by the parties; purport to enjoin DOT and other toll enforcement agencies from prosecuting certain toll violations in the Seminole and Brevard County Courts; and direct the *383 courts in Seminole County and Brevard County not to process future traffic citations regarding toll violations unless it is established that such violator is not a prepaid or guaranteed account holder. The portions of the appellate court opinion which reverse the county court's order and grant relief designed to place Baird in the same position he would have been in had the citations not been issued, which were not challenged in the consolidated certiorari petitions, are unaffected by our decision.
CERTIORARI GRANTED, DECISION QUASHED IN PART.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Baird is a firefighter/paramedic who stood to lose his job if he could not resolve the toll violations in a manner that allowed him to keep his driver's license.
[2] Evidently, Baird entered into a license and use agreement with the Orlando-Orange County Expressway Authority for the EPASS, a transponder which communicates electronically with the toll authority's computer system as it passes through a toll booth, resulting in the toll amount being deducted from the user's prepaid account.
[3] We note that the circuit court's granting of this relief in an appellate opinion reflects a degree of misunderstanding regarding the circuit court's role when exercising its appellate jurisdiction. Although it may have been more efficient for the circuit judge to treat the county court case as its own, and finally resolve it without remand, the circuit judge instead should have quashed the county court order on review and remanded the matter back to county court (which had jurisdiction over the underlying matter) for additional action consistent with its appellate opinion. See 4 C.J.S., Appeal and Error §§ 16 and 31 (1991 Ed.) (an appeal is "not the commencement of a new suit" and jurisdiction of an appellate court "is confined to the review of error committed in the court below"). In this certiorari proceeding, however, neither party challenges the portion of the circuit court opinion ordering relief designed to place Baird in the same position as he would have been in had the citations never been issued.
[4] Baird argues that the Authority lacks standing to challenge the appellate decision. While the right to challenge the actions of a lower tribunal are generally limited to those who were parties to the case below, this rule is subject to an exception where the trial court has entered an order that directly adjudicates the rights of a nonparty. See Philip J. Padovano, Florida Appellate Practice §§ 11.2-11.3 (2008). Consequently, appellate courts in Florida have held that a nonparty whose rights are directly affected by an order may obtain review by certiorari even though that person or entity was not a party in the lower tribunal. See, e.g., Ahlers v. Wilson, 867 So.2d 524 (Fla. 1st DCA 2004); State ex rel. Boyles v. Fla. Parole and Prob. Comm'n, 436 So.2d 207 (Fla. 1st DCA 1983). The same would hold true for a nonparty whose rights are directly affected by an appellate decision. As one of the toll enforcement agencies expressly enjoined by the circuit court's appellate decision, we find that the Authority has standing to seek certiorari review of the injunction against it.