FARMER, J.
 

 We affirm the final judgment to the extent that it holds that the set-back requirements (SBR) for appellants’ property — which we agree are properly deemed negative easements — have not been extinguished by the Marketable Record Title Act
 
 [1]
 
 and are otherwise enforceable.
 

 We treat as obiter dicta — and thus of no force or effect — any findings or conclusions in the final judgment to the effect that the 35-feet SBR has been extinguished or is unenforceable as to any other properties sharing a^ common root of title with appellants.
 
 [2]
 

 See Fla. Dep’t of Revenue v. Cummings,
 
 930 So.2d 604 (Fla.2006) (final decree affecting interests of parties not joined in suit is wholly inconsistent with equity and good conscience);
 
 Sheoah Highlands, Inc. v. Daugherty,
 
 837 So.2d 579 (Fla. 5th DCA 2003) (court lacks jurisdiction to issue decree interfering with rights of those not parties to action).
 

 Affirmed as modified.
 

 POLEN and GERBER, JJ., concur.
 

 [1]
 

 . §§ 712.01-712.11, Fla. Stat. (2009).
 

 [2]
 

 . The parties had agreed that for purposes of MRTA, the setback requirements (SBR) for 16 of the 20 lots covered by the root of title do not appear in any “Muniments of Title” recorded in or after the originating conveyance for Brams Addition to the Town of Palm Beach. But the SBR does appear in the 4 lots which include appellants' lot 2.