EVANDER, J.
Gianthony Homes, Inc. and Avondale Diversified, Inc., appeal from an ex parte order setting aside a foreclosure sale and directing the Clerk to not issue them a certificate of title. We reverse because the record reflects that the order was obtained without notice to the appellants.
Appellee, U.S. Bank National Association, obtained a final judgment of foreclosure against Raphael Mendes. Appellants were the high bidders at the foreclosure sale, paid the price bid, and were issued a *839 certificate of title. Shortly thereafter, U.S. Bank filed an “Ex Parte Agreed Motion to Set Aside Foreclosure Sale, Not Issue Certificate of Title and Reset Foreclosure Sale.” In the motion, U.S. Bank recited that appellants had agreed to the granting of the motion. The certificate of service reflected that a copy of the motion had been mailed to appellants. Thereafter, the trial court (understandably) entered the “Ex Parte Agreed Order Setting Aside Foreclosure Sale, Not Issue Certificate of Title and Reset Foreclosure Sale,” submitted by U.S. Bank’s counsel.
After appellants filed their initial brief (and after the time in which to file an answer brief had passed), this court relinquished jurisdiction to the trial court to hold an evidentiary hearing to determine whether appellants had, in fact, agreed to an order setting aside the foreclosure sale and certificate of title. After holding an evidentiary hearing, the trial court found that neither appellant had stipulated to the setting aside of the foreclosure sale or the certificate of title, notwithstanding the inclusion of the word “agreed” in the titles of both U.S. Bank’s motion and proposed order. The trial court further determined that no notice had been given to either appellant prior to the submission of the ex parte motion and proposed order. Finally, the trial court found that neither appellant had received notice of the entry of the court’s order until after the time for service of a motion for rehearing had expired.
Based on these findings, it is clear that appellants’ procedural due process rights were violated. Shlishey the Best, Inc. v. CitiFinancial Equity Servs., Inc., 14 So.3d 1271 (Fla. 2d DCA 2009) (purchasers’ right to procedural due process violated where trial court entered order that vacated foreclosure sale and certificate of title when purchaser had neither notice nor opportunity to be heard). Appellants were entitled to receive a copy of U.S. Bank’s motion and an opportunity to be heard thereon. Dept. of Transp. v. Baird, 992 So.2d 378, 381 (Fla. 5th DCA 2008).
REVERSED and REMANDED.
LAWSON and JACOBUS, JJ., concur.