DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANCES FRIES,**
Appellant,

v.

**TIM ANDERSON** and **LAURA ANDERSON,**
Appellees.

No. 4D22-650

[April 19, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 50-2019-SC-019717-XXXX-SB.

Lisa Weber of The Law Office of Lisa Weber, P.A., Boca Raton, for appellant.

Dara Kustler, Poinciana, for appellees.

*** ON MOTIONS FOR CLARIFICATION, REHEARING, REHEARING EN BANC AND CERTIFICATION***

PER CURIAM.

Appellees have filed a 62-page motion for clarification, rehearing, rehearing en banc, and certification.

We deny all motions and write primarily to discuss appellees' handling of one case, which is relevant to their motion.

This case began with the tenants' (appellees') claim for the return of a $2,500 security deposit under section 83.49, Florida Statutes (2019). Section 83.49(3)(c) entitles the prevailing party in such litigation to recover "court costs plus a reasonable" attorney's fee. Appellees initiated the lawsuit by filing a handwritten, pro se statement of claim using a form provided by the clerk of court. That statement of claim sought $2,500 in damages "plus costs of court." Appellees' attorney later entered an appearance. Appellees never sought leave from the trial court to file an amended statement of claim adding a request for attorney's fees.

Appellees prevailed in the trial court and received an award of attorney's fees. Appellant timely objected to the motion for fees on the ground that fees had not been sought in a pleading. The panel opinion reversed because appellees failed to include their claim for attorney's fees in any pleading.

Much of appellees' motion appears to confuse a party's entitlement to recover attorney's fees under a contractual provision or statute with the pleading requirement for asserting a claim for fees under *Stockman v. Downs*, 573 So. 2d. 835 (Fla. 1991), and its progeny.

We focus on the motion's discussion of another case from this court. On page 7 of the motion, appellees say this:

> The Panel decision directly conflicts with its established holding *Precision Tune Auto Care, Inc. v. Radcliffe*, 815 So. 2d 708 (Fla. 4th DCA 2002), that **where the parties' [sic] have a contractual agreement with an attorneys' fees provision that defines the term "costs"** *as "including attorneys' fees"*, **"a general request for costs in [plaintiffs'] complaint [is] sufficient to raise the issue [of entitlement to attorneys' fees] under** *Stockman***."**

(Emphasis in original). Of course, the use of quotation marks around the last phrase in the excerpt above, beginning with "a general request," constitutes a representation to this court that the quoted language appeared in the *Precision Tune* case.

At page 45 of the motion, appellees again discuss *Precision Tune*:

> This District Court in ***Precision Tune Auto Care v. Radcliffe*, 815 So. 2d 708, 711 (Fla. 4th DCA 2002)** addressed [the matter of pleading for attorney's fees] and has well settled that a plaintiff's **general request for costs** in the complaint *is* **sufficient to raise the issue of entitlement to attorneys' fees** where the statute and/or parties' contractual agreement provides that "costs" include attorneys' fees (when the statute does not require specific pleading of entitlement to such fees).

(Emphasis in original).

If *Precision Tune* held that a general request for costs in a pleading is sufficient to plead a request for attorney's fees, then appellees would be

entitled to rehearing or en banc consideration of the issue, because *Precision Tune* would conflict with the panel decision.

However, *Precision Tune* holds no such thing. We have scoured the opinion for the language appellees quote on page 7 of their motion, which purports to be a direct quote from *Precision Tune*.

No such language appears in that case. In fact, we said the exact opposite: "The plaintiff's general request for costs in their complaint was insufficient to raise the issue under *Stockman*." *Precision Tune*, 815 So. 2d at 711.

Nor has our research unearthed any other Florida case containing such language.

*Precision Tune* holds that a contract with a Virginia choice of law provision was not subject to the fee-shifting language of section 57.105(2), Florida Statutes (1998). 815 So. 2d at 710. The case goes on to state that "[a] claim for attorney's fees, based on either statute or contract, must be pled, and a 'failure to do so constitutes a waiver of the claim.'" *Id.* at 711 (quoting *Stockman*, 573 So. 2d at 837–38). The case also points out that

> [t]he plaintiffs here were required to set forth their claim for attorney's fees in a pleading. The only way for them to have raised the issue two weeks before trial was to obtain "leave of court" through a motion to amend their complaint or "by the written consent of the adverse party." Fla. R. Civ. P. 1.190(a). At such a motion hearing, Precision could have demonstrated how it was prejudiced by the late amendment or argued that the entitlement to attorney's fees should have run from the date of the motion.

*Id.* at 712.

Appellees' misrepresentation of the holding of *Precision Tune* exceeds the bounds of zealous advocacy. It is the practice of this court to read the cases cited in briefs and motions.

While a party is not required to plead a claim for attorney's fees with specificity under *Caufield v. Cantele*, 837 So. 2d 371, 378 (Fla. 2002), a pleading should, at the very least, contain some mention of attorney's fees to preserve the right to claim them. *See Sheoah Highlands, Inc. v. Daugherty*, 837 So. 2d 579, 584 (Fla. 5th DCA 2003) (holding that a statement in a pleading that the client had been required to retain the

3

services of an attorney in the prosecution of the case and is "indebted to" the attorney "for the same" was sufficient to preserve a claim for fees).

GROSS, LEVINE and CONNER, JJ., concur.

* * *