DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**INNA PYRINOVA**,
Appellant,

v.

**MARK E. DOYLE** and **OLGA PYRINOVA,**
Appellees.

No. 4D22-3307

[June 21, 2023]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. FMCE 20-004497 (36).

Eric M. Levine of Atlas | Solomon, PLLC, Stuart, for appellant.

No appearance for appellees.

PER CURIAM.

Inna Pyrinova ("Appellant"), a non-party to the litigation below, appeals a temporary injunction that requires half of the proceeds from the sale of property titled solely in her name to be held in an escrow account pending further court order. For the reasons discussed below, we reverse the temporary injunction.

The parties to the litigation below are Mark E. Doyle ("the father") and Olga Pyrinova ("the mother"). Briefly, in 2020, the trial court issued a final judgment of paternity incorporating the parties' settlement agreement and parenting plan in connection with their minor child. The following year the trial court approved a final order that modified the parenting plan.

Contempt proceedings followed with the father alleging the mother violated multiple court orders in connection with his timesharing and shared parental responsibility. The trial court found the mother in indirect civil contempt for violating portions of the parenting plan and determined that the father was entitled to attorney's fees. The trial court has not yet issued an order determining the fee amount.

Pertinent to this appeal, the father moved for injunctive relief alleging that while the contempt issue was pending, the mother took title to real property with Appellant as joint tenants but subsequently conveyed her interest in the property to Appellant. The father therefore moved to "preserve" his fee award and to "void" the mother's transfer of property to Appellant as a fraudulent conveyance.

Although not a party or intervenor to the action at that time, Appellant and her attorney attended a hearing during which the father argued that the deed conveying the mother's interest in the property to Appellant was both fraudulent and defective. During the hearing, both the mother's attorney and Appellant's attorney questioned the trial court's authority to enjoin non-party Appellant's funds, noting this was not a divorce case wherein a party transferred marital property subject to equitable distribution. The trial court declined to consider Appellant's arguments because she had not intervened in the proceedings.

Following the hearing, the trial court entered an order granting the father's motion for temporary injunction and requiring half of the proceeds from any sale of the property be held in an escrow account pending further court order. The trial court did not rule on the validity of the deed conveying the mother's interest in the property to Appellant. Notably, the order failed to detail the reasons for entry of a temporary injunction and failed to set a bond.

Appellant thereafter moved to intervene in the action and to dissolve the temporary injunction. The trial court granted Appellant's motion to intervene but deferred ruling on the motion to dissolve injunction "pending an evidentiary hearing in which all necessary parties may take part."

On appeal, Appellant correctly argues that the temporary injunction fails to comply with Florida Family Law Rule of Procedure 12.605 for two reasons.[1] First, the trial court did not require the father to post a bond. *See* Fla. Fam. L. R. P. 12.605(b) ("No temporary injunction may be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined."); *see also*

---

[1] We note that this appeal predates changes to Florida Rules of Civil Procedure 1.530 and Florida Family Law Rule of Procedure 12.530, providing that to preserve for appeal the "failure of the trial court to make required findings of fact" a party must raise that issue in a motion for rehearing. *In re: Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530*, 48 Fla. L. Weekly S69 (Fla. Apr. 27, 2023).

Fla. R. Civ. P. 1.610(b). Second, the order failed to set forth the reasons for entry of the temporary injunction. *See* Fla. Fam. L. R. P. 12.605(c) ("Every injunction must specify the reasons for entry . . . ."); *see also Lanigan v. Lanigan*, 353 So. 3d 1188, 1190 (Fla. 4th DCA 2023) (reversing temporary injunction precluding the sale of real property owned by a non-party because the order failed to set forth a factual basis for its entry).

Appellant also argues the trial court lacked subject matter, case, and personal jurisdiction over her to enter the temporary injunction. Because Appellant has been granted intervenor status, on remand, the trial court shall consider any appropriate arguments which she raises to challenge the injunction. *See Leighton v. First Universal Lending, LLC*, 925 So. 2d 462, 464 (Fla. 4th DCA 2006) (reversing temporary injunction entered against a non-party who was not given opportunity to be heard, and holding that while a trial court can enjoin a non-party, "those parties must receive notice and have an opportunity to be heard"); *see also Let Miami Beach Decide v. City of Miami Beach*, 120 So. 3d 1282, 1288 (Fla. 3d DCA 2013) (outlining the scope of intervention and distinction based on whether intervenor is an indispensable party to the action).

*Reversed and remanded with directions.*

KLINGENSMITH, C.J., GROSS and DAMOORGIAN, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

3