DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMBER MILLER** f/k/a **AMBER VELLEFF,**
Appellant,

v.

**JASON VELLEFF,**
Appellee.

No. 4D2024-1579

[January 7, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Anastasia M. Norman, Judge; L.T. Case No. 562013DR001643.

June G. Hoffman of Fowler White Burnett, P.A., Fort Lauderdale, for appellant.

L. Lisa Batts of Stuart Law Group, P.A., Stuart, for appellee.

LEVINE, J.

Amber Miller ("former wife") claims the trial court erred in (1) enjoining her current husband, a non-party, from attending public events involving the child of the former wife and former husband, (2) denying modification of child support, (3) denying modification of timesharing, (4) awarding Jason Velleff ("former husband") forty-nine days of makeup timesharing, and (5) modifying the former wife's ultimate decision-making authority. We reverse on the first issue, finding that, under the facts of this case, the trial court lacked authority to restrict the current husband, a non-party, from attending public events involving the child. We affirm the remaining issues without further comment.

In 2016, the trial court entered a final judgment of dissolution of marriage. One child was born during the parties' marriage. In 2019, the former husband filed a supplemental petition for modification, accusing the current husband of the former wife of physically attacking him. The former husband requested a prohibition on the former wife bringing the current husband to activities involving the child.

The case proceeded to an evidentiary hearing in 2024. At the hearing, the former husband requested that the current husband not be present during timesharing exchanges, extracurricular activities, and school events. The former husband testified that at the child's first grade graduation in 2019, the current husband hit, threatened, and yelled at the former husband. The former husband published a video of the incident. The former husband had previously obtained a temporary injunction as a result of the incident, but a final injunction was never entered. The former husband testified that the current husband was hostile, aggressive, and threatening during the child exchanges. The former husband published an audio recording of an exchange in support of his testimony.

The trial court entered a supplemental final judgment, finding a material, substantial, and unanticipated change in circumstances in that the current husband had engaged in aggressive, violent, and hostile behavior toward the former husband. The trial court prohibited the current husband from attending the child's public events when the former husband will be present:

> When the child has a school, extracurricular or religious event, both parties may attend regardless of whose timesharing day it is. However, if the Former Husband communicates to the Former Wife that he will be attending the event at least 5 days before the event (or as soon as possible in the event there is less than five days, however in no event less than 24 hours prior to), then [the current husband] is not permitted to attend the event. Additionally, [the current husband] may not attend any child exchanges. This is due to [the current husband's] aggressive and inappropriate behavior with the Former Husband in front of the minor child. If the Former Husband does not communicate to the Former Wife at least five days prior to the event that he will be attending the [e]vent then [the current husband] is permitted to attend. [The current husband] is not permitted to attend any medical, dental or mental health appointments relating to the minor child.

The former wife moved for rehearing, arguing that the trial court lacked authority to enjoin a non-party, the current husband, from attending public events involving the child. The trial court denied the motion for rehearing, finding no error in restricting the current husband from attending the child's public events based on evidence that he had physically and verbally assaulted the former husband. The trial court relied on *Wilcoxon v. Moller*, 132 So. 3d 281 (Fla. 4th DCA 2014), which

involved, in part, a similar restriction. However, the trial court acknowledged that "the propriety of this provision was not specifically addressed in the opinion." This appeal follows.

The former wife argues the trial court reversibly erred by restricting her current husband, a non-party, from attending the child's public events without appropriate pleading, notice, and opportunity to be heard. The former wife further argues that the trial court lacked authority to enter an injunction under these circumstances.[1] The former husband does not respond to the issue of notice, but rather argues that the prohibition is in the best interests of the child.

A trial court's order modifying a parenting plan is reviewed for abuse of discretion and will be affirmed on appeal when supported by competent substantial evidence. *Seith v. Seith*, 337 So. 3d 21, 24 (Fla. 4th DCA 2022). Further, an injunction is reviewed for abuse of discretion. *St. Lucie Cnty. Radiation Oncology, Ltd. v. Woody*, 766 So. 2d 301, 301-02 (Fla. 4th DCA 2000). Where "it rests on purely legal matters, an order imposing an injunction is subject to full, or de novo, review on appeal." *Id.* at 302 (citation omitted). Finally, a claim of deprivation of procedural due process is reviewed de novo. *Spencer v. Kelner*, 357 So. 3d 166, 168 (Fla. 4th DCA 2023).

The main issue for our determination is whether the trial court had the authority to restrict the current husband from attending the child's public events, where the current husband was not a party to the proceedings and received no notice. We find that, under the facts of this case, the trial court erred. Initially, the current husband did not receive notice, nor was he a party to this case and, as such, the challenged restriction violated his procedural due process rights. *See id.* ("Procedural due process requires both reasonable notice and a meaningful opportunity to be heard.") (citation omitted); *Trans Health Mgmt. Inc. v. Nunziata*, 159 So. 3d 850 (Fla. 2d DCA 2014) (finding the trial court violated due process by entering an injunction against a non-party without notice or an opportunity to be heard).

Additionally, the trial court's order was effectively an injunction. "An injunction cannot bind parties who are not before the court." *Leighton v. First Universal Lending, LLC*, 925 So. 2d 462, 465 (Fla. 4th DCA 2006). "A court is without jurisdiction to issue an injunction which would interfere

---

[1] On appeal, the former wife does not challenge that portion of the order restricting her current husband from attending private events such as timesharing exchanges or the child's medical appointments.

3

with the rights of those who are not parties to the action. An injunction can lie only when its scope is limited in effect to the rights of parties before the court." *L&K Creation, LLC v. White Feather Mgmt., LLC*, 389 So. 3d 607, 608 (Fla. 3d DCA 2023) (citation omitted); *see also Sheoah Highlands, Inc. v. Daugherty*, 837 So. 2d 579, 583 (Fla. 5th DCA 2003) (recognizing that a court is without jurisdiction to issue an injunction which would interfere with the rights of those who are not parties to the action).

In *Trisotto v. Trisotto*, 966 So. 2d 986, 988 (Fla. 5th DCA 2007), the Fifth District found that the trial court erred by entering a restraining order against the former husband's current wife, who was not a party to the litigation or served with process. The Fifth District recognized that "[a] court is without jurisdiction to issue an injunction that interferes with the rights of those who are not parties to the action." *Id.* Similarly, in *Silvers v. Silvers*, 504 So. 2d 30, 31 (Fla. 2d DCA 1987), the Second District found that the trial court had no jurisdiction in a dissolution of marriage case to order the parties' current spouses to attend classes and counseling. *See also Hastings v. Rigsbee*, 875 So. 2d 772, 779-80 (Fla. 2d DCA 2004) (finding that the trial court lacked jurisdiction to order a non-party to undergo counseling and follow the counselors' recommendations). Like in *Trisotto* and *Silvers*, here, the trial court lacked jurisdiction to enter an order prohibiting the current husband, a non-party, from attending the child's events, which were specifically open to the public.

The trial court relied on *Wilcoxon*, which involved a provision stating:

> The Former Wife's current husband shall not be present anywhere that the Former Husband is, particularly in the presence of the children. In the event that there are events or activities of any sort involving the minor children, if the Former Husband is in attendance, the Former Wife's current husband shall not be.

132 So. 3d at 284-85. The trial court's reliance on *Wilcoxon* was misplaced because that provision was not the subject of the appeal. *Wilcoxon* did not address whether the enjoined current spouse was a party to the proceedings and had received notice, or whether the elements of injunctive relief were met. Indeed, the trial court in the instant case even acknowledged that "the propriety of this provision was not specifically addressed in the opinion."

On appeal, the former husband also relies on *Lewandowski v. Langston*, 969 So. 2d 1165, 1166 (Fla. 5th DCA 2007), where the former husband moved for modification of custody due to the former wife's

marriage to a registered sex offender. The trial court found no substantial change of circumstances, but ordered that the former wife could not allow the child to reside in the same household as her current husband and that her current husband could not be in the child's presence without constant, direct supervision. *Id.* at 1169. After finding there was a material change in circumstances, the Fifth District reversed the order denying the petition for a change in custody and remanded for further proceedings to determine the best interests of the child. *Id.*

*Lewandowski* is initially distinguishable because it involves circumstances not present in the instant case, that being the former wife's current marriage to a registered sex offender. Moreover, *Lewandowski* did not specifically address the trial court's authority to prohibit the former wife's current husband from being in the child's presence without constant, direct supervision. Rather, the Fifth District reversed the trial court's order, which found no substantial change of circumstances. The Fifth District determined that the former wife's actions in exposing the child to a registered sex offender on a regular basis did constitute a material change in circumstances and, consequently, remanded for further proceedings.

We also note that, in the present case, the former husband previously attempted to obtain a permanent injunction against the current husband. Having failed to obtain such relief through the proper procedure, the former husband cannot now avail himself of the modification proceedings as an alternate, or "backdoor," means of obtaining a permanent injunction.

In summary, we find that, under the facts of this case, the trial court erred in restricting the current husband from attending the child's public events. Accordingly, we reverse and remand for the trial court to strike that portion of the supplemental final judgment.[2]

*Affirmed in part, reversed in part, and remanded.*

GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

---

[2] We do not address, as it is not before us, whether the trial court could impose conditions on the former wife as a means of restricting the conduct of the current husband.

5