SHARP, Judge.
Dorothy J. Christmas appeals from an order modifying a final judgment of dissolution of marriage by prospectively terminating Dr. Dewey A. Christmas’ obligation to pay alimony. Dr. Christmas cross-appeals the amount of attorney’s fees awarded to the appellant. We affirm the judgment of the trial court as modified by this opinion.
When the final judgment of dissolution was granted in 1973, the wife was thirty-four years of age and a college graduate with previous experience teaching Spanish. The parties had been married for eight years and had two minor children, ages five years and eighteen months. The husband was a medical doctor whose adjusted gross income for 1972 was over forty-six thousand dollars ($46,000). 1972 was his second full year in private practice.
In the final judgment the wife was awarded custody of the children, the marital home as lump sum alimony, seven hundred dollars ($700) per month alimony [not designated rehabilitative or permanent] and five hundred dollars ($500) per month in child support. The trial court also stated:
Respondent is in good health, a college graduate and qualified to pursue gainful employment as a school teacher and she, looking to the future, should continue her *1150 education as necessary to maintain her competency for employment in her chosen field. Under present conditions, considering the age of the children and the fact that they have not yet entered grade school, respondent should be awarded alimony in addition to the lump sum award and child support sufficient to maintain her and the children. As hereinafter provided, respondent should be awarded reasonable attorney’s fees and costs of these proceedings should be assessed against petitioner. The necessity for continuing periodic alimony as herein awarded should be reviewed upon the parties youngest child attaining grade school age.
When the children attained school age, the husband filed a petition for modification alleging that the alimony was in fact rehabilitative in nature and the children were now in school. The husband alleged further that the wife was willfully refusing to seek employment. The wife counter-petitioned seeking an increase in alimony and child support citing as a substantial change in circumstances the husband’s increased earning capacity, the increased needs of the children, and the deteriorating physical condition of the home.
During the course of discovery in this case, it became apparent that the wife would seek additional alimony because of a disabling back condition. In response, the husband filed a supplemental petition seeking custody of the children because of the wife’s disability. By pre-trial stipulation the husband agreed to withdraw his custody claim if the wife dropped her claim that she was permanently and totally disabled.
The trial court found that the original award by the late Judge Leon Stewart was in fact rehabilitative in nature. The court determined that the wife was capable of finding employment as a school teacher and ordered that the husband’s alimony obligation be prospectively terminated effective September 1981. At the same time the trial court increased the husband’s child support obligation from $500.00 to $800.00 per month and ordered the husband to pay the wife’s attorney a reasonable fee in the amount of seven thousand two hundred dollars ($7,200).[1]
We have considered appellant’s jurisdiction argument and the cross-appeal regarding the size and terms of the attorney’s fee award in this case and find them to be without merit. However, the record is replete with unrefuted evidence that the appellant suffered a disabling back injury during the course of the marriage. The medical evidence and lay testimony strongly suggest that the wife’s condition may seriously hamper her physical ability to perform adequately on the job. The ability to secure employment is meaningless if one is physically incapable of performing at a sufficiently adequate level to retain the position. We therefore hold that the trial court erred only in not reserving jurisdiction to award permanent alimony at a later time if appellant’s physical condition so warrants. Savino v. Savino, 411 So.2d 342 (Fla. 4th DCA 1982); Smith v. Smith, 406 So.2d 71 (Fla.2d DCA 1981); Nichols v. Nichois, 304 So.2d 497 (Fla. 1st DCA 1974). See also Moore v. Moore, 401 So.2d 841 (Fla. 5th DCA 1981).
Accordingly, the judgment is affirmed in part and remanded with instructions to reserve jurisdiction to award the wife alimony in the future.
AFFIRMED IN PART AND REMANDED WITH DIRECTIONS.
COWART, J., and BROWNLEE, JACKSON, O., A.J., concur.

. The modification proceedings were protracted and involved more than 140 hours of legal labor by the wife’s attorney.