898 So.2d 1159 (2005)
Iciar MISIAK, Appellant,
v.
Gregory M. MISIAK, Appellee.
No. 5D04-234.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
Clifton H. Gorenflo of Clifton H. Gorenflo, P.A., Sanford, for Appellant.
Michael P. Sampson and Mark P. Rabinowitz of Carlton Fields, P.A., Orlando, for Appellee.
TORPY, J.
In this dissolution of marriage proceeding, Appellant, the former wife, raises several issues on appeal, only one of which merits discussion and reversal  whether the trial court abused its discretion in declining to award the former wife nominal, permanent alimony.
This was a long-term marriage during which the former wife stayed at home and reared the parties' minor child. The former husband earned substantial income throughout the marriage from his employment with high technology and defense contractors. The last position held by the former husband was as president of Litton Systems, Inc., earning an annual salary of $193,000, plus significant bonuses. The parties enjoyed a high standard of living, residing in a 5,000 square foot home in an affluent subdivision with a country club membership.
In November of 1998, Appellee decided to leave his employment for medical reasons after having heart bypass surgery. Appellant consented to this decision. At that time, the parties intended to start a business, but that never materialized. Later, the parties separated. The parties' son, now 17, primarily resides with Appellant and will attend high school beyond his eighteenth birthday. Since Appellee quit his employment with Litton, the parties have been depleting assets to pay living *1160 expenses. Although Appellee, now age 58, is capable of working, he has not been able to secure employment.
The trial judge determined that, although alimony would ordinarily be indicated due to the length of marriage, lifestyle, and Appellee's earning potential, because Appellee did not have the present ability to pay, and Appellant's needs were currently met through her share of the equitable distribution, Appellant's request for alimony should be denied.
Appellant argues that the failure to award at least nominal alimony was an abuse of discretion. We agree. Blanchard v. Blanchard, 793 So.2d 989, 992 (Fla. 2d DCA 2001). Therefore, we reverse that portion of the final judgment and remand this cause with instructions that the former wife be awarded nominal, permanent alimony. In all other respects, the judgment of the lower court is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER and MONACO, JJ., concur.