EVANDER, J.
Daniella Trepp (“the wife”) appeals from a final judgment of dissolution of marriage. Specifically, she contends the trial court abused its discretion in denying her request for permanent, periodic alimony. We find the trial court erred in failing to reserve jurisdiction to award permanent alimony.
The parties were married to each other twice. Their first marriage was from December, 1975 — February, 1991. They recommenced living with each other a few days after their first divorce became final. They remarried in August, 1995.
The parties had one child together. That child reached the age of majority in 2001. The parties separated in December, 2004, and the husband filed his petition to dissolve the parties’ second marriage on August 1, 2005. The wife filed a counter-petition, seeking, inter alia, temporary, rehabilitative, permanent, and lump sum alimony.
*207 At the time of the final hearing (held in August, 2006), the husband was 54 years of age. He had been the primary breadwinner throughout both marriages. The husband had been in the United States Merchant Marines for 30 years and was a member of the Seafarer’s International Union. His gross income in 2004 was approximately $58,000 and was over $68,000, in 2005. He had earned $25,300 through June, 2006, before suffering work-related injuries. He was attempting to return to work as of the date of the final hearing.
The wife was 57 years of age and had completed one year of commercial art school prior to the parties’ first marriage. During the course of the marriages, she had worked part-time as a home-care provider. In her most recent job, she had been paid $6.00 an hour. She acknowledged that during the parties’ separation she had made little effort to become self-sufficient.
The parties had few marital assets to be distributed by the court — a house located in Lakewood, Ohio, a mobile home located in Florida, a truck, and the husband’s two pension plans. At the time of the final hearing, the wife was living in the Lakewood house, while the husband had possession of the mobile home and the truck. The evidence reflects the mobile home had a value of $3,000 to $4,000 and the truck had a value of $5,000. These two assets were awarded to the husband. The trial court also required the husband to pay the parties’ credit card debts of approximately $18,500.
The husband’s money purchase pension plan had a value of $10,814. His Seafarer’s pension plan would provide a pension benefit of $866.23/month if he were to retire at age 55. The court reserved jurisdiction to determine the marital portion of these plans and to enter orders distributing the respective portions to each party.
The Lakewood home was awarded to the wife. The trial court valued this residence at $140,000. It was encumbered by a mortgage of approximately $60,000. It would initially appear, from the face of the final judgment, that the wife would receive net assets of $80,000, while the husband would receive assets of $8,000 to $9,000, as well as the obligation to pay over $18,000 of credit card debt. It would also appear that the trial court’s intent in distributing the assets and debts in this manner was to alleviate the need for an award of permanent alimony.
In dissolution proceedings, a trial judge has broad discretionary authority to do equity between the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). If we were confident that the wife would, in fact, receive approximately $80,000 from the sale of the Lakewood residence, we would affirm the final judgment. However, the record reflects a significant likelihood that the wife will receive sale proceeds of far less than $80,000.
At some time after their separation, the parties agreed to sell the Lakewood property. The husband contends the house had not sold because of the wife’s lack of cooperation with the Realtor. The wife claims the house remained unsold because of a depressed housing market in Lakewood. She further testified that a neighbor had offered her between $80,000 and $90,000 to purchase the home, but then had rescinded the offer because of the home’s electrical problems. Regardless of the reason for the non-sale of the Lakewood residence, it is undisputed that the property was in foreclosure as of the date of the final hearing.
The husband had voluntarily made the $1,050/month mortgage payments through November, 2005. At that time, he ceased making any contributions towards the *208 mortgage. In April, 2006, the trial court ordered the husband to pay temporary alimony in the amount of $2,000/month. The husband failed to comply with the court order, resulting in a temporary alimony arrearage in the amount of $10,000.[1] As a result of the husband’s failure to comply with the court’s temporary order, the wife was unable to make the mortgage payments.
Although a trial court does not need to equalize the financial position of the parties, it must ensure that neither spouse passes automatically from prosperity to misfortune. Canakaris, 382 So.2d at 1204. The trial court found that other than her interest in the Lakewood home, the wife had “negligible assets and no income.” Thus, if the house is foreclosed upon, or sold for little more than the mortgage balance, the wife will likely pass from limited prosperity to impoverishment. The trial court should have reserved jurisdiction to award permanent alimony so as to prevent this potential result.
We find support for our decision from our opinion in Christmas v. Christmas, 419 So.2d 1149 (Fla. 5th DCA 1982). In Christmas, the parties had been married for eight years at the time of the dissolution of marriage. The wife was a college graduate with prior experience as a Spanish teacher. The husband was a medical doctor, earning significant income. The wife was awarded custody of the parties’ two young children, child support, and alimony (not designated rehabilitative or permanent). Upon the youngest child obtaining school-age, the former husband filed a petition to terminate alimony, alleging that the former wife was willfully failing to seek employment. The unrefuted evidence reflected that the former wife had suffered a disabling back injury during the course of the marriage. The record further reflected that the former wife’s medical condition might seriously hamper her physical ability to perform adequately on the job. Notwithstanding such evidence, the trial court terminated the former husband’s alimony obligation, finding the former wife was capable of finding employment as a school teacher. This court reversed. We found that the trial court erred in not reserving jurisdiction to award permanent alimony at a later date, if the former wife’s physical condition so warranted. Id. at 1150. See also Davis v. Davis, 691 So.2d 626 (Fla. 5th DCA 1997) (holding that trial court should have reserved jurisdiction to award permanent periodic alimony because of the uncertainty of the wife’s future medical expenses in light of her history of cancer and her inability to obtain medical insurance).
In the present case, the trial court’s effort to do equity between the parties appears to have been based on the expectation that the Lakewood home would sell for approximately $140,000. However, there is a significant possibility that the wife will net little or no proceeds from the Lakewood property. If the wife does not receive significant proceeds from the Lakewood property, she is likely to be left in an impoverished condition. Accordingly, we find the trial court abused its discretion in failing to reserve jurisdiction to award permanent alimony.
REVERSED and REMANDED.
PLEUS and LAWSON, JJ., concur.

. The husband testified that he had paid the wife $3,500 in temporary alimony. The trial court gave the husband one month to provide documentation of these alleged payments. At that time, the trial court would enter a judgment against the husband for $10,000, less any documented credits.