LAWSON, J.
 

 Drema Darlene Brayton appeals, pro se, from a final judgment dissolving her marriage to Richard William Brayton. In her one-page brief, which argues facts that are not part of the record on appeal,
 
 [1]
 
 Appellant complains that the trial court erred by failing to order her former husband to pay alimony, and by giving her former husband a timeshare property that she owned prior to the marriage. Because the record demonstrates no trial court error, we affirm.
 

 “In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.”
 
 Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979). With respect to alimony, the trial court found that: “Alimony has never been pled and is not an issue in this case.... ” Appellant has not pointed to any portion of the record demonstrating any error in this finding. Nor have we found any pleading or other filing in the record containing a request for alimony, or noting that alimony was an issue for trial. The record contains a pretrial statement filed by the former husband, pro se, listing the issues that remained for trial after the parties had entered a mediated settlement agreement. That document does not list alimony as an issue for trial. The record contains no pretrial statement from Appellant.
 

 
 *144
 
 With respect to the timeshare issue, the final judgment states that: “Wife testified that she does not want them [the timeshare properties] and that he [the former husband] could have them both.” Because Appellant has not provided us with a trial transcript, we must presume that the final judgment accurately reflects her testimony at trial.
 
 See Applegate,
 
 377 So.2d at 1152 (“[without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence”).
 

 Because Appellant has demonstrated no error, we affirm the final judgment.
 

 AFFIRMED.
 

 ORFINGER and EVANDER, JJ., concur.
 

 [1]
 

 . An appellate court is not allowed to consider matters outside of the record.
 
 Dep’t of Transp. v. Baird,
 
 992 So.2d 378, 382 (Fla. 5th DCA 2008). For Appellant’s benefit, we note that the "record” consists of the pleadings filed with the trial court; transcripts of proceedings held before the trial court; and evidence submitted during the trial or at other relevant hearings. We have not considered any of the non-record matters argued by Appellant, but have limited our review to the record on appeal — as we are required to do.
 
 Id.