COHEN, J.
Jacqueline ' Quinones (“Former Wife”) appeals the final judgment dissolving her marriage to John Quinones IV (“Former Husband”). Former Wife has not produced a transcript of the' trial or otherwise provided this Court with the testimony or evidence presented at trial. Our review, therefore, is limited to errors apparent on the face of the final judgment and does not include underlying factual issues. Brayton v. Brayton, 46 So.3d 142, 144 (Fla. 5th DCA 2010) (citing Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)).
Former Wife raises three issues on appeal, only one of which has merit based on our limited scope of review. Former Wife contends that the trial court erred in finding the parties’ marriage was of moderate duration and subsequently denying her request for alimony. We agree, and reverse the final judgment on this issue.
The parties were married on July 10, 1992, and had two children who are now in their late teens. Former Husband filed a petition to dissolve the marriage shortly after the parties’ seventeenth anniversary. The petition languished, however, and by the time trial was- held, the parties had been married for twenty-three years. Less than three weeks before- the trial, Former Husband lost his bid for re-election to an O'sceola County commissioner seat. Although a lawyer by trade, Former Husband’s salary as county commissioner constituted a significant percentage of his income at' the time of dissolution. In its final judgment, -the' trial' court found: “Based on the financial ability of the parties and the moderate term of the marriage, Wife is' not entitled to alimony.”
In dissolution of marriage actions, alimony- is awarded based on statutory guidelines. Section 61.08(4), Florida Statutes (2014), reads:
.. For purposes of determining alimony, there is a rebuttable presumption that a short-term marriage is a marriage having a duration of less than 7 years, a moderate-term marriage is a marriage having a duration of greater- than 7 years but less than 17 years, and long-term marriage is a marriage having a *704 duration of 17 years or greater. The length of a marriage is the period of time from the date of marriage until the date of filing of an action for dissolution of marriage.
§ 61.08, Fla. Stat. Upon the dissolution of a long-term marriage, there is a rebuttable presumption that permanent alimony is appropriate. Motie v. Motie, 132 So.3d 1210, 1213 (Fla. 5th DCA 2014) (citing Cerra v. Cerra, 820 Sd.2d 398, 401 (Fla. 5th DCA 2002)). Individual factors like age and income, standing alone, will not rebut the presumption. Id. Permanent alimony is “awarded to provide for the needs and necessities of life as they were established during the marriage of the parties for a party who lacks the financial • ability to meet his or her needs and necessities of life following a dissolution of. marriage.” § 61.08(8), Fla. Stat.
The trial court’s final judgment did not address why .the “rebuttable presumption” that a seventeen-year marriage is a long-term marriage would not apply in this case. Instead, the court incorrectly characterized this marriage as one of moderate term. The trial court’s primary basis for awarding no .alimony — -beyond the incorrect presumption — was Former Wife’s lack of need and Former Husband’s inability to pay. This finding, however, contradicts Former Husband’s earlier stipulation that Former Wife had a need for alimony, and he had the ability to pay alimony. While Former Husband’s ability to ■ pay might have been altered by the events that followed that stipulation, Former Wife’s need had not.
It is clear that the parties were in a state of transition at the time of trial. Former Wife was returning to the workforce after years at home raising the parties’ children. Former Husband was leaving public service and returning to private practice. The parties’ finances reflected the uncertainty of these conditions. We find, given the parties’ changing circumstances and the trial court’s incorrect characterization of the length of the marriage, that the trial court abused its discretion in failing to award at least nominal alimony. See Misiak v. Misialc, 898 So.2d 1159, 1160 (Fla. 5th DCA 2005) (finding an abuse of discretion on similar facts); see also Marshall v. Marshall, 953 So.2d 23, 25-26 (Fla. 5th DCA 2007) (upholding an award of nominal-. permanent alimony because it “leaves open the possibility of increasing the former wife’s alimony in the event that the former husband’s ability to pay changes”); Trepp v. Trepp, 964 So.2d 206, 208 (Fla. 5th DCA 2007) (finding reversible error where the trial court refused to reserve jurisdiction to protect a former spouse from possible impoverishment). Accordingly, we affirm in part and reverse in part'.
AFFIRMED IN PART; REVERSED IN PART.
SAWAYA and WALLIS, JJ., concur.