DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STACEY MACIEKOWICH,**
Appellant,

v.

**PAUL MACIEKOWICH,**
Appellee.

No. 4D15-1003

[May 25, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 2012-DR-11587.

David S. Fabrikant of Law Office of David S. Fabrikant, P.A., Stuart, for appellant.

Richard L. Dedell, West Palm Beach, for appellee.

WARNER, J.

We reverse the final judgment of dissolution of marriage, agreeing with the former wife that the court erred in awarding her only $1 per year of alimony when it found that she had established a "compelling case" for her need for permanent alimony.

Although there is no transcript of proceedings, reversal is appropriate where the error is apparent on the face of the record. *See Quinones v. Quinones*, 182 So. 3d 702, 703 (Fla. 5th DCA 2015). In its final judgment, the court found that while the former wife proved her need for permanent alimony in this nearly twenty-year marriage, no actual amount of her need was established. Both parties agree that the former wife stayed home with the children during the marriage, is currently unemployed, and has significant health issues.

"The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the *funds* and the ability of the other spouse to provide the necessary *funds*." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1201 (Fla. 1980) (emphasis added). The record shows that the former husband was paying all the household bills,

pursuant to the parties' agreement, which, in and of itself, would establish some amount of need. Further, although the court also found that the former wife had failed to establish an ability to pay on the part of the former husband, the court attached to the judgment the agreed child support guidelines worksheet showing the former husband's level of income, while the former husband's sworn financial affidavit also provided evidence of his ability to pay. Together these facts would establish some amount of need on the part of the former wife and ability to pay on the part of the former husband. Thus, the record does not support the finding that the former wife provided no such evidence. To refuse to award anything but $1 per year in permanent alimony in these circumstances was error.

We reverse and remand for further proceedings on the issue of permanent alimony. The court may wish to take additional evidence to fashion an equitable award in this case.

CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***