# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-1749
LT Case No. 2022-CA-002086-A

———————————————

MARILYN REYNOLDS,

    Appellant,

    v.

BELK, INC.,

    Appellee.

———————————————

On appeal from the Circuit Court for Lake County.
Danny R. Mosley, Judge.

Sebastian C. Mejia, of Mejia Law Group, PLLC, Orlando, for
Appellant.

Clarence Harold Houston, III, of Carr Allison, Jacksonville, for
Appellee.

December 19, 2025

EDWARDS, J.

Appellant, Marilyn Reynolds, appeals the summary final
judgment entered in favor of Appellee, Belk, Inc., and the related
order denying her motion for rehearing. Appellant claims that
while a customer in the Belk store, she tripped over a certain
unsecured, wide-based metal stanchion and sustained injuries. As
summary judgment evidence, Appellee submitted several screen

shots, which were still images excerpted from the store's video.[1] The screen shots were the only summary judgment evidence cited in, attached to, and relied upon in Appellee's motion.[2] The screen shots depict Appellant's location relative to the store clerk and checkout desk, the store clerk assisting Appellant, and other people and things in the vicinity of where Appellant fell. The screen shots show webbing or rope stretched between the upright poles which we will have to assume are connected to the stanchions. None of the screen shots show the actual unsecured, wide-based, metal stanchion that caused her to trip, nor do they show Appellant actually looking at any of the stanchions that were located behind her.[3] Thus, there is no support for the trial court's determination and bases for granting summary judgment, that as a matter of law, i.e., first, any danger presented was open and obvious and second, that the stanchion was not inherently dangerous. There is an old saying that a picture is worth a thousand words; however, here, the screen shot pictures merit only three words: Reversed and Remanded.

In *Muurahainen v. TJX Cos.*, 397 So. 3d 205, 206–07 (Fla. 5th DCA 2024), we reversed summary judgment in favor of a defendant store owner where plaintiff tripped over a furniture

---

[1] Appellee apparently provided a copy of the full video to the trial court the day before the summary judgment hearing and remarked about what could be seen as various portions of the video were played during the hearing. The trial court commented on and appeared to rely upon the video in granting summary judgment. However, the video was not filed with the lower court nor made a part of the record on appeal; therefore this Court cannot rely upon the video or any accounts or descriptions of what is shown in the video. *See Brayton v. Brayton*, 46 So. 3d 142, 144 n.1 (Fla. 5th DCA 2010).

[2] Appellee did not present or rely on any testimony to support its motion.

[3] A copy of one of those screen shots, Exhibit F, is attached to our opinion, to illustrate that the stanchion over which Appellant fell is not depicted in that photographic evidence.

trolley cart placed by one of the defendant's employees in or adjacent to an aisle.[4]  In the current case, as in *Muurahainen*, each plaintiff had given sworn testimony that she had not perceived the thing over which she tripped prior to falling over it.  *Id.* at 206.  The summary judgment evidence in *Muurahainen* included video images from two different cameras showing the cart over which plaintiff tripped, unlike the absence of any images or testimonial descriptions of the stanchion in the current case.  However, the video in *Muurahainen* did not duplicate plaintiff's visual perspective of the cart nor did it show exactly how the trip and fall occurred.  *Id.* at 207–08.  We concluded in *Muurahainen,* as we now conclude here, that Appellee's summary judgment evidence could not be said to have "conclusively, clearly, and completely negated Appellant's sworn testimony," *id.* at 207, that she was unaware of the item over which she tripped until the fall occurred.  Triable issues of fact remain.

Accordingly, we reverse the summary judgment granted in favor of Appellee and remand for further proceedings consistent with this opinion.[5]

REVERSED and REMANDED.

JAY, C.J., and HARRIS JJ., concur.

---

[4] *Muurahainen* contains a detailed discussion of the relevant standard of review, the law applicable to summary judgment motions, landowners' duties to invitees, and considerations relevant to trip and fall cases, which we need not repeat here.

[5] We need not discuss or resolve the other issues raised by Appellant.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____



EXHIBIT

**tabbies**

**F**
_____